JOHN HOLMES, Executor of GEORGE HOLMES, *v.* ISHAM GODWIN and BLACKMAN GODWIN.

Granting a new trial because of newly discovered evidence must necessarily always, or nearly always, be within the discretion of the presiding Judge, and his decision can very rarely in such cases, be on a naked matter of law or legal inference, so as to authorize an appeal.

In an action for claim and delivery of personal property (Replevin, Rev. Code, chap. 98), when the property cannot be redelivered by plaintiff in specie, the value thereof, in case of a judgment for defendant, should be assessed at the time of the trial, and not at the time of its seizure by the sheriff.

(*Scott* v. *Elliott,* 63 N. C. Rep. 215, cited and commented on.)

CIVIL ACTION, claim and delivery of personal property, tried at the Spring Term, 1873, of the Superior Court of CUMBERLAND county, by his Honor, *Buxton, J.*

The action was commenced by the testator of plaintiff, December, 1869, who having died, his executor, the present plaintiff, became a party, and prosecutes the same for the benefit of the estate of the testator. The property claimed is described in the plaintiff's affidavit as " a certain quantity of corn now in my crib on land rented to the defendant, Blackman Godwin, by virtue of a special property therein— the same being legally in my possession, by reason of the contract of renting made between myself and said Black- man—lien attaching to the said corn as part of the crop raised on the land rented to the said Blackman, not having been satisfied or discharged ; the value of the property being $150." The clerk endorsed on the affidavit the following order to the sheriff : " The plaintiff giving bond according to law, you are required to take from the defendants the property within described and deliver it to the plaintiff," which was accordingly done. Plaintiff, in his complaint, alleges that defendants removed the corn without his con- sent, and demands judgment for the possession thereof, or for $150, in case such possession cannot be had, and for $50 damages.

The defendants, in their joint answer, deny the allegations of the complaint, and put in a counter claim in behalf of Blackman Godwin, on the ground that the 150 bushels of corn, worth $150, was in his possession as the property of his brother, one Elias Godwin, and was wrongfully taken by the plaintiff, wherefore he asks judgment for the value thereof, to wit : $150, and for damages, $50.

It was not disputed that the plaintiff's testator, by a verbal lease, rented the land to Blackman Godwin for the year 1869. The terms of the lease were disputed ; the plaintiff contending that Godwin, the tenant, was to pay

$100 for rent] and repair the fences; and $150 if he failed to repair the fences; that without complying with the terms, he with the concurrence of the other defendant, carried from the crib upon the land, two wagon loads of corn to Isham Godwin's. For the defendants, it was contended, that Blackman Godwin, the tenant, was to pay as rent $100, and put two sills under the crib, all of which was done before any corn was removed. One Elias Godwin, a brother of the tenant, cropped the land with him, and claimed the corn carried to Isham Godwin's as part of his share of the crop. There was much conflicting evidence as to points not relevant to the decision here, the following facts being established by the jury, upon issues submitted to them: 1st. That no rent was due; 2d. That the plaintiff, under the order of the clerk, took 125 bushels of corn, worth $136.25, and allowed to defendants by way of damages, 6 *per cent.* interest on the value of the corn from 1st January, 1870.

Plaintiff obtained a rule for a new trial, assigning as the grounds therefor: 1st. For error in the Court in submitting any other issue to the jury than this: " Whether any rent was due?" 2nd. For error in this: The plaintiff in addition to the foregoing reason, moved for a new trial because of newly discovered evidence, filing an affidavit in support of the motion, wherein it was stated that since the finding of the jury, the plaintiff had discovered that he could prove that a creditor of Elias Godwin, had levied an attachment on the corn in the crib, subject to his (the plaintiff's) claim, and that under this attachment corn, to the amount of $27.12 had been sold and applied to the plaintiff's (in the attachment) claim, and that this exhausted the corn in the crib at that time. And further, that he could also prove that after the corn was delivered to the plaintiff by the sheriff, the door of the crib was broken open by Blackman Godwin and a quantity of corn hauled away by him; also that some more of the corn was hauled away by direction

of Isham Godwin. In answer, the defendant, Blackman Godwin, was permitted by the Court to file a counter affidavit denying the statements in that of the plaintiff, which permission is assigned as grounds for a new trial.

His Honor considered the plaintiff's first assignment of error, in relation to the issues submitted to the jury, as untennable. As to the second, upon a suggestion from the Court, the defendants were permitted to enter a *remittiter* of $27.12, the sum stated to have been applied towards the attachment against Elias Godwin, and the rule for a new trial was thereupon discharged. Judgment in accordance with the verdict, and appeal by the plaintiff.

*B.* and *T. C. Fuller*, for appellant.
*Guthrie*, contra.

Rodman, J. The plaintiff claimed certain corn as rent owing to him by Blackman Godwin, and alleged that Blackman and Isham Godwin had taken possession of the same; that it was of the value of $150, and demanded judgment that the possession of the corn be delivered to him, or if that could not be done, then for the value. (C. C. P., sec. 176, *et seq.*) The cause of action accrued after C. C. P.

The defendants' answer, "that no part of the complaint is true." This answer was a sham one, and might have been set aside on motion. See *Flack* v. *Dawson*, at this term. But as the parties went to trial on it without objection, and distinct issues were submitted to the jury, the irregularity may be considered waived.

The defendants also set up what they call a counterclaim, viz: that the corn belonged to Elias Godwin. But C. C. P., sec. 5, 86, provides that such a claim must by made by the third party. *In general, jus tertii* cannot be set up as a defence by the defendant, unless he can in some way connect himself with the third party.

Upon the trial the jury found :

1. That no rent was owing to the plaintiff.

2. That the plaintiff received under his proceedings 125 bushels of corn, worth $1.25 per bushel.

3. They assess the defendants damages for the taking and withholding to six *per cent.* on the value of the corn from the time of the taking. Judgment was rendered accordingly against plaintiff, and he appealed.

It is proper to notice here that the case is rendered unnecessarily complex and voluminous, by setting out the evidence upon the first issue, upon which no question arises, and by repeating the pleadings and issues after they had once appeared in the record proper.

The plaintiff moved for a new trial on the ground of newly discovered testimony, and contends that the Judge erred in law in receiving counter affidavits from the defendants, denying the truth of the evidence newly discovered, although not denying that the newly discovered witnesses would testify as plaintiff alleged, and in not granting the new trial. We are of opinion that the granting of a new trial for such a cause, must necessarily always, or nearly always, be within the discretion of the presiding Judge, and that his decision can never, or very rarely in such a case, be on a naked matter of law or of legal inference, so as to authorize an appeal. The considerations which would enter into the decision of a Judge on such an application would be : 1. Will the newly discovered witnesses testify as alleged? which may generally be assumed on the faith of the affiant. 2. Is the new evidence material? 3. Is it *probably* true? looking at all the evidence on the trial. 4. Has the party used due diligence in discovering it?

It is perhaps *possible* to imagine a case in which all these considerations might be conceded for the party, and the refusal of a Judge in *such* a case would make a question of law ; but is scarcely possible to conceive of a refusal by

a Judge in exactly such a case. The present case certainly does not come within the example. The propriety of the decision evidently rested on questions of fact, upon which this Court could not review the Judge below. This exception of the plaintiff is overruled.

We now take up the main exception of the plaintiff, viz: that the jury under the instructions of the Court, assessed the value of the property at the time it was taken into possession by the plaintiff, and not at the time of the trial. We think the Judge erred in this respect.

The C. C. P., in secs. from 176 to 187, covers completely the subject matter of the Rev. Code, chap. 98; consequently it must be regarded as a repeal of that chapter.

*Scott* v. *Eliot*, 63 N. C. Rep. 215, was a decision founded on the Revised Code. What is said in it upon the particular words of that Act is therefore not applicable to this case. But there is no essential difference between the two statutes, and the general principles asserted in that case are equally applicable here.

Replevin, (and the action of claim and delivery, is but a longer name for the same thing,) is founded on the right of the plaintiff to the possession of the property. If the defendant also claims the possession, the main issue is on that right, and the party establishing it will have judgment to retain, or to be restored to the possession, as the case may be. To avoid confusion, we will confine ourselves to a case like the present where the plaintiff obtained the possession, but failed to establish his right to it. In such case it was the right of the defendant to have judgment for the return of the property in specie, if such return could be had, or if it could not be, then for the value of the property. And it is equally the right of the plaintiff to return the property in specie, if he can. It follows that the value must be assessed as at the time of the trial, for the value is only to stand in lieu of the property, in case it shall turn out that

it cannot be returned ; and the plaintiff cannot compel the defendant to accept the assessed value if he can return the property in specie ; nor can the defendant compel the plaintiff to pay the value, if he offers to return the property. This is so, notwithstanding any deterioration in the article by decay, or external injury, or fall in price, so long as it remains in specie. Probably if it appeared on the trial that the property had been destroyed, so that it could not be returned in specie, the jury would be justified in so finding, and in giving the value of the property at the time of the taking and interest thereon, as the damages for the taking and detention. But that was not the case here. But it does not follow that the owner is to accept the property (deteriorated perhaps) in satisfaction of the injury. He is entitled to full indemnity. After finding the value of the property, the jury should proceed to find the damages from the taking, and detention, an element of which is the difference in the value between the time of taking, and the time of the trial. *Rowley* v. *Gibbs*, 14 John. R. 385, (that is, provided the value be less at the latter time; if it be greater the rule would be different, but it is unnecessary to consider that case, except to exclude it from the rule.) The jury may, if they think proper, add to this, damages on the basis of interest on the value of the property during the detention, although the calculation need not always be on the basis of interest, and in many cases could not properly be.

PER CURIAM. Judgment reversed, and *venire de novo*.