A. MILLER & BRO. v. M. HAHN & CO.

*Evidence—Proof of Handwriting—Subscribing Witnesses—Claim and Delivery—Contract.*

1. Where the maker of an instrument is out of the state and the subscribing witness thereto is dead, proof by one who saw them sign the same is competent to establish the fact of its execution.

2. In claim and delivery it was in evidence that the property could not be delivered in specie and the plaintiff was permitted to show its value to aid the jury in assessing his damages; *Held* no error.

MILLER v. HAHN.

3. In such action the defendant claimed a gray mare under a bill of sale executed in February, conveying " one gray horse, also one black horse and one gray mare," and the plaintiff claimed the same mare under a bill of sale executed in May following, conveying " two horses one a bay and the other a gray mare," and the said mare was thereupon delivered to plaintiff; *Held*, that the plaintiff is entitled to recover.

(*Selby* v. *Clark*, 4 Hawks, 265; *Edwards* v. *Sullivan*, 8 Ired., 302; *Carrier* v. *Hampton*, 11 Ired., 307; *Holmes* v. *Godwin*, 69 N. C., 467; *Isley* v, *Stewart*, 4 Dev. & Bat., 160; *Massey* v. *Belisle*, 2 Ired., 170; *Sizemore* v. *Morrow*, 6 Ired., 54; *Rhodes* v. *Chesson*, Busb., 336, cited and approved.)

CIVIL ACTION of claim and delivery tried at Spring Term, 1880, of CRAVEN Superior Court, before *Gudger, J.*

Messrs. *Manly, Simmons & Manly*, for plaintiffs.
Messrs. *Green & Stevenson*, for defendants.

SMITH, C. J. The mare, the ownership of which is the subject of controversy, belonged to Calvin Herring, under whom both parties claim.

1. The plaintiffs produced in evidence a bill of sale bearing the signatures of Calvin Herring and of a subscribing witness, already proved and registered; and in proof of execution, was permitted, on objection, to show that the subscribing witness was dead and the maker out of the state, and that the names of each affixed to the instrument were in their own proper hand-writing respectively. The witness also testified that he was present and saw each of them sign his name to the paper. The exception to the evidence is wholly untenable. In this mode deeds for land may be proved for registration under the statute which is itself in pursuance of the common law. Bat. Rev., ch. 35, § 2; *Selby* v. *Clarke*, 4 Hawks, 265; *Edwards* v. *Sullivan*, 8 Ired., 302; *Carrier* v. *Hampton*, 11 Ired., 307; 1 Greenl. Ev., § 572.

2. It was in proof that the defendants, soon after the

plaintiffs' demand and the institution of the suit, sold the mare to a resident of another county, who had carried her out of Craven, and the witness did not know where she then was. Thereupon the plaintiffs were allowed to show the value of the mare at the time of the demand, as assisting the jury in arriving at an estimate of her value at the trial, the rule prescribed in actions of replevin and for claim and delivery, substituted for them. To this ruling the defendants also except. The present action, though commenced in form for a claim and delivery, has not been followed by any delivery, and hence is prosecuted for the recovery of the value of the property in damages. "Probably if it appeared on the trial," remarks RODMAN, J., in *Holmes* v. *Godwin*, 69 N. C., 467, when the very point was presented, "that the property had been destroyed so that it would not be returned *in specie,* the jury would be justified in so finding, and giving the value of the property at the time of the taking and interest thereon as the damages for the taking and detention." The same rule would seem to apply where the defendant cannot restore the property because of its disposition by sale and removal, and can only make compensation in damages. The testimony was admissible, if not generally, certainly for the purposes for which it was received.

3. A witness introduced for the plaintiffs, after objection from defendants, testified to his having made an examination of the registry and finding no registered conveyance of a *bay mare* from Calvin Herring to the defendants antedating the plaintiffs' claim of title, and the plaintiffs exhibited a chattel mortgage from him to them of "*one bay mare,*" dated July 22nd, 1876. The inability of the witness, after search, to find such an instrument, alike negative and harmless, is but the assertion of a legal presumption expressed in the Latin maxim, "*De non apparentibus et non existentibus eadem est ratio.*" But the main controversy is as to the

MILLER *v.* HAHN.

proper construction and operation of the two instruments executed, one on May 31st to the plaintiffs, the other February 23rd preceding, to the defendants. If the former, later in time, fails sufficiently to describe and pass the property, or if the latter, and earlier, does embrace it, the plaintiffs cannot recover. The bill of sale to the plaintiffs undertakes to convey "two horses (one a bay and the other a gray mare);" and the testimony is that the animal in suit was, at its execution, delivered to the plaintiffs as embraced in the contract. The fair interpretation of the language used is, in our view, consistent with this practical understanding of its import by the parties to the transaction. The intention evidently was (and such we think to be the legal effect of the descriptive words employed) to sell the horses, one of which is a bay mare and the other a gray mare, the added description of color and sex limiting and defining the more general preceding term, "horses." We are equally clear that the description in the defendant's bill of sale, "one gray horse, also one black horse and one gray mare," does not include a black or bay mare, nor can it be aided by the testimony of the defendant, that the word *horse* is used to embrace both sexes. Obviously this instrument discriminates in respect to sex, and when the female is meant, she is called by the appropriate name of her sex. The horses, described by their color as gray and black, are of the male sex, while the other is designated in contradistinction from the two others as a gray mare.

The court ought to have instructed the jury as to the legal construction and operation of these contracts, as of all others when the terms are ascertained. What is the contract, when verbal and dependent on memory, is a question of fact for the jury; what its effect, when ascertained, a question of law to be decided by the court? *Isley* v. *Stewart*, 4 Dev. & Bat., 160; *Massey* v. *Belisle*, 2 Ired., 170; *Sizemore* v. *Morrow*, 6 Ired., 54; *Rhodes* v. *Chesson*, Busb., 336.

The error, however, not adverse to the appellants and of which they cannot complain, is corrected by the verdict of the jury, whose finding is in uniformity with the instructions which ought to have been given as to the legal effect of both instruments.

There is no error and the judgment must be affirmed.

No error. Affirmed.