LAURA LANCASTER ET ALS. v. J. L. BLAND ET AL.

(Filed 10 March, 1915.)

**1. Appeal and Error—Certiorari—Appeal Dismissed—Newly Discovered Evidence—Superior Courts—Jurisdiction.**

Where an appeal has been docketed and dismissed in the Supreme Court under Rule 17, for failure to prosecute it, the adjudication relates back to the final judgment appealed from, and the Superior Court judge is without jurisdiction to consider a motion for a new trial for newly discovered evidence.

**2. Appeal and Error—Newly Discovered Evidence—Superior Courts.**

An appeal will not lie from the refusal of the Superior Court judge, in his discretion, to grant a new trial for newly discovered evidence.

MOTION for *certiorari*.

*W. D. McIver for petitioner.*
*D. L. Ward for defendant.*

CLARK, C. J. This cause was tried and judgment entered at April Term, 1914, of CRAVEN. The plaintiff appealed, but did not perfect his appeal, and at the call of the district at the Fall Term of this Court the defendant docketed the required certificate and moved under Rule 17 to dismiss, which was allowed. Thereafter, at the November Term of the court below the plaintiff filed a petition for a new trial for newly discovered evidence. ·

His Honor properly held that he had no jurisdiction to entertain the motion. The case was terminated by the final judgment at the April Term of Craven, unless it had been kept alive by prosecuting an appeal. This not being done, the defendant could have had the case put off the docket at the next term in the court below, on motion, for failure to prosecute the appeal (*Avery v. Pritchard,* 93 N. C., 266, and cases citing the same in the *Anno. Ed.*), or the defendant could make the same motion in this Court by docketing the certificate and moving to dismiss under Rule 17. Whichever method the appellee might resort to, and whether the judgment dismissing the appeal for failure to prosecute was entered in the Superior Court or in this Court, such adjudication dates back to the final judgment from which the appeal was not prosecuted.

This case having been adjudged by the order of dismissal in this Court to have been terminated at the April Term, 1914, of the Superior Court, the attempt to file a motion for a new trial for newly discovered testimony at the November Term of said Superior Court could avail nothing. The bare fact that the name of the case was still on the docket did not make it a live cause. It had been terminated, fully and completely, by the final judgment at the April Term·from which the appeal had not been prosecuted.

The court below, therefore, correctly held that he had no power to entertain a motion for a new trial, at a term subsequent to that at which final judgment had been entered. When judgment has been affirmed or reversed on appeal it is a live case till, on receipt of the certificate, judgment has been entered below in conformity therewith, unless final judgment is entered here. *Smith v. Moore,* 150 N. C., 158.

*Black v. Black,* 111 N. C., 300, and *Banking Co. v. Morehead,* 126 N. C., 279; were live cases in which proper motions could be made because, though the certificate had been sent down, judgment had not been entered in accordance therewith in the court below.

In the present case the adjudication was not on the merits, but simply that the appeal had been abandoned at April Term, 1914, of the lower court, and there was no judgment to be entered in accordance therewith, and no motion could be made in a dead case. The judge had no jurisdiction except to put the case off the docket. The case was not sent back to the lower court at all. Even if the court had jurisdiction and had refused the motion on its merits, no appeal lay. *Fleming v. R. R., ante,* 248.

*Certiorari* denied.