STATE v. RODMAN COX and ELMER WHITLEY.

(Filed 16 March, 1932.)

1. **Criminal Law J c—After affirmance of judgment by Supreme Court the Superior Court has jurisdiction to hear motions for new trial.**

Where the Supreme Court has affirmed the judgment on an appeal in a criminal case and the judgment has been certified to the Superior Court, C. S., 1417, the defendant may at the next succeeding criminal term of such Superior Court make a motion for a new trial for newly discovered evidence, and the judge of the Superior Court has the power to hear and determine the motion in his discretion.

2. **Criminal Law L e—No appeal will lie from order of trial judge granting a new trial in his discretion.**

A motion for a new trial for newly discovered evidence, made at the next succeeding term of criminal court after affirmance of the former conviction by the Supreme Court, is addressed to the discretion of the judge of the Superior Court and his order granting the motion is not reviewable, and an appeal therefrom by the State will be dismissed.

APPEAL by the State from *Sinclair, J.,* at November Term, 1931, of PITT. Dismissed.

This action was heard at November Term, 1931, of the Superior Court of Pitt County, on the motion of the defendants that the judgment and verdict therein at April Term, 1931, of said court, be set aside and that defendants be granted a new trial on the ground of newly discovered evidence. The motion was allowed.

From the order of the judge setting aside the judgment and verdict in the action at April Term, 1931, and granting the defendants a new trial, the State appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Harding & Lee and Gaylord & Harrell for defendants.*

CONNOR, J. The defendants in this action were tried at April Term, 1931, of the Superior Court of Pitt County, on an indictment returned by the grand jury at said term, in which the defendants were charged

with the crime of highway robbery. There was a verdict of guilty as to each defendant. From the judgment on the verdict that each defendant be confined in the State's prison for a term of not less than seven nor more than nine years, both defendants appealed to the Supreme Court, assigning errors at the trial. Their appeal was heard at Fall Term, 1931, of this Court. The assignments of error on said appeal were not sustained. The judgment was affirmed. See *S. v. Cox,* 201 N. C., 357, 160 S. E., 358.

The November Term, 1931, of the Superior Court of Pitt County, was the first term of said court for the trial of criminal actions pending therein, held after the judgment of this Court in defendants' appeal from the judgment of the Superior Court of Pitt County at April Term, 1931, was certified to said court, as provided by statute, C. S., 1417. At said term, the defendants, after notice to the solicitor for the State, moved that the judgment and verdict in the action at April Term, 1931, be set aside, and that defendants be granted a new trial, on the ground of newly discovered evidence. In support of their motion, the defendants filed numerous affidavits from which it appeared, as they contended, that since the trial of the action at April Term, 1931, the defendants had discovered new evidence which was not available to them at the date of the trial, and which, if submitted to a jury, would probably result in a verdict of not guilty as to each defendant. These affidavits, together with affidavits filed by the solicitor for the State, who opposed the motion of the defendants on the ground that it appeared from the affidavits filed by the defendants, that the new evidence which they had discovered was merely cumulative, and at most was only contradictory of the evidence offered by the State at the trial, were heard and duly considered by the judge presiding at said term. On his findings from all the affidavits offered at the hearing of the motion, with respect to the newly discovered evidence, the judge, in his discretion, allowed the defendants' motion, and in accordance therewith ordered that the judgment and verdict in the action at April Term, 1931, be set aside and vacated. It was further ordered by the judge that the defendants be granted a new trial of the issue raised by their pleas of not guilty to the indictment on which this action is founded.

It is conceded by the Attorney-General in the brief filed in behalf of the State on this appeal, that under the authority of *S. v. Casey,* 201 N. C., 620, 161 S. E., 81, the judge presiding at the November Term, 1931, of the Superior Court of Pitt County, had the power to hear and consider, and that it was, therefore, his duty, in his discretion, to allow or disallow, defendants' motion, at said term, for a new trial, on the ground of newly discovered evidence. In that case, it was held

that where the defendant in a criminal action has been convicted of a crime, capital or otherwise, in the Superior Court, and has appealed from the judgment of said court on such conviction to the Supreme Court, and the judgment of the Superior Court has been affirmed on such appeal, the judge presiding at the term of said Superior Court, next succeeding the affirmance of the judgment by the Supreme Court, at which criminal actions may be tried, has the power to hear and consider, and, in his discretion, to allow or disallow the defendants' motion for a new trial on the ground of newly discovered evidence. The only question discussed in the brief of the Attorney-General, and therefore, the only question presented for decision by this appeal, is whether the order of the judge in the instant case allowing the defendants' motion for a new trial, is subject to review by this Court, on the State's appeal from said order.

The law applicable to the decision of this question is well settled. In *Goodman v. Goodman*, 201 N. C., 808, 161 S. E., 868, it is said by *Stacy, C. J.*, that rulings of the Superior Court on matters addressed to the discretion of the court, which involve no questions of law or legal inference, are not subject to review on appeal to this Court. Numerous cases in which this principle has been applied are cited in the opinion in that case. The motion for a new trial on the ground of newly discovered evidence, whether made at the trial term, or at a subsequent term, of the court in cases where the motion may be made and allowed or disallowed at such term, are addressed to the discretion of the court. The order allowing or disallowing the motion is not subject to review by this Court; it is made in the discretion of the judge, and is conclusive, when made in a criminal action, on both the State and the defendant. *S. v. Branner*, 149 N. C., 559, 63 S. E., 169.

The order in the instant case is not appealable, and for that reason, this appeal is

Dismissed.