## STATE v. J. MACK RHODES.

(Filed 19 October, 1932.)

**Criminal Law J d—Held: defendant failed to show sufficient grounds for granting of motion for a new trial after affirmance of judgment.**

In this case: *Held,* the defendant failed as to those matters within the jurisdiction of the Superior Court, to make a sufficient showing on his motion for a new trial at the next succeeding term after affirmance of the judgment by the Supreme Court, and his appeal from the order of the Superior Court denying his motion is dismissed.

MOTION by State to docket and dismiss or dismiss appeal, the transcript of the case having been sent up and docketed 4 October, 1932, at the instance of the solicitor of the district as was his right. *S. v. Shipman, ante,* 325.

At the March Term, 1931, Henderson Superior Court, the defendant in the above entitled cause was tried upon an indictment charging him with violations of the banking laws, which resulted in convictions and sentences. From these, the defendant appealed to the Supreme Court. The judgments were affirmed in an opinion filed 8 January, 1932, reported in 202 N. C., 101, 161 S. E., 722.

At the next succeeding term of Henderson Superior Court following affirmance of the judgments on appeal, the defendant made application to Hon. John H. Clement, judge presiding, for a new trial on the grounds of (1) alleged disqualification of jurors, (2) newly discovered evidence, and (3) errors committed on the hearing.

After hearing the application, his Honor denied the same in his discretion, from which ruling the defendant again gave notice of appeal.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Shipman & Arledge and R. L. Whitmire for defendant.*

STACY, C. J. The showing made upon the allegations of the petition, of which Judge Clement could take cognizance or had authority to hear,

was not such as to call for a favorable exercise of the court's jurisdiction or to invoke its aid in behalf of the defendant. The petition was properly denied.

The motion to docket and dismiss or dismiss the appeal will be allowed on authority of *S. v. Lea, ante,* 316.

Motion allowed.