STATE v. JOHN LEWIS EDWARDS.

(Filed 10 January, 1934.)

**1. Criminal Law J d—Motion for new trial for newly discovered evidence may be made only at trial term or term succeeding affirmance of appeal.**

A motion for a new trial for newly discovered evidence may be made in the trial court only at the trial term or, in case of appeal, at the next succeeding term of the Superior Court after affirmance of the judgment by the Supreme Court, and where an appeal has been taken, the lower court is without authority to entertain the motion pending the appeal, or if the appeal is abandoned the case is not alive for the hearing of such motion in the lower court.

**2. Criminal Law L e—**

No appeal lies from a discretionary determination of an application for a new trial on the ground of newly discovered evidence.

MOTION to reinstate appeal, and application for *certiorari.*

*Pearson & McCoy for movant and applicant.*

STACY, C. J. At the May Criminal Term, 1933, Mecklenburg Superior Court, the movant and applicant herein, John Lewis Edwards, and another were tried upon an indictment charging them with the

murder of one J. W. Brown, which resulted in a conviction and sentence of death of the movant, and an acquittal and discharge of his co-defendant.

From the sentence of death entered against the defendant, John Lewis Edwards, it is suggested he gave notice of appeal to the Supreme Court, though no entries of appeal appear on said judgment. Nevertheless, as the alleged appeal was not ready for argument, 8 November, 1933, at the call of the docket from the Fourteenth District, the district to which the case belongs, and apparently nothing had been done to bring up the case, upon motion of the Attorney-General the appeal was docketed and dismissed, *ante,* 443, according to the usual course and practice in such cases, opinion filed 22 November, 1933.

The motion of the defendant is not to reinstate the alleged appeal from the trial of the cause upon its merits, heretofore docketed and dismissed, but it appears that after the trial at the May Term, other counsel were employed, and instead of prosecuting the alleged appeal, they lodged a motion in the Superior Court at the August Criminal Term, 1933, for a new trial on the ground of newly discovered evidence. The motion was dismissed or denied, and from the ruling thereon, movant gave notice of appeal to the Supreme Court.

The Superior Court was without authority to entertain this motion at the August Term, hence the attempted appeal from its dismissal or denial, is necessarily nugatory or unavailing.

In the first place, the case was supposed to be pending in the Supreme Court on appeal. If so, during its pendency here, the Superior Court was without power to entertain the motion. *S. v. Casey,* 201 N. C., 185, 159 S. E., 337; *Bledsoe v. Nixon,* 69 N. C., 82; *S. v. Lea,* 203 N. C., 316, 166 S. E., 292.

On the other hand, if the appeal had been abandoned at the time of the motion, the Superior Court was likewise without jurisdiction to entertain it. In *S. v. Casey,* 201 N. C., 620, 161 S. E., 81, it was said, "unless the case is kept alive by appeal, such motion can be entertained only at the trial term."

In other words, when a case is tried in the Superior Court, and no appeal is taken from the judgment rendered therein, motion for new trial on the ground of newly discovered evidence may be entertained only at the trial term. *Lancaster v. Bland,* 168 N. C., 377, 84 S. E., 529; *Stilley v. Planing Mills,* 161 N. C., 517, 77 S. E., 760; *S. v. Bennett,* 93 N. C., 503. But if the case is kept alive by appeal, such motion may be made, as a *dernier ressort,* in the Superior Court at the next succeeding term following affirmance of the judgment on appeal. *S. v. Lea,* 203 N. C., 316, 166 S. E., 292; *S. v. Casey,* 201 N. C., 620, 161 S. E., 81; *Allen v. Gooding,* 174 N. C., 271, 93 S. E., 740. See, also,

concurring opinion in *S. v. Jackson,* 199 N. C., 321, 154 S. E., 402. These are the only terms—the trial term and the next succeeding term following affirmance of judgment on appeal—at which such motions may be made in the Superior Court. *S. v. Lea,* 203 N. C., 316, 166 S. E., 292. Of course, if duly and seasonably lodged at one of these terms, the actual hearing of the motion may be continued by consent to a later term, but this is not movant's case.

Furthermore, no appeal lies to this Court from a discretionary determination of an application for new trial on the ground of newly discovered evidence. *Crane v. Carswell,* 204 N. C., 571, 169 S. E., 160; *S. v. Lea,* 203 N. C., 316, 166 S. E., 292; *S. v. Moore,* 202 N. C., 841, 163 S. E., 700; *S. v. Griffin,* 202 N. C., 517, 163 S. E., 457; *S. v. Cox,* 202 N. C., 378, 162 S. E., 907; *S. v. Lambert,* 93 N. C., 618; *Carson v. Dellinger,* 90 N. C., 226; *Holmes v. Godwin,* 69 N. C., 467; *Vest v. Cooper,* 68 N. C., 131.

The prisoner's only hope of escaping the pains and penalties of the judgment pronounced against him, now lies with the pardoning power.

Motion to reinstate denied.

Application for *certiorari* denied.