STATE v. CLYDE FERRELL.

(Filed 20 June, 1934.)

**1. Criminal Law L e—No appeal lies from discretionary determination of motion for new trial for newly discovered evidence.**

No appeal lies from the discretionary ruling of the trial court denying a motion for a new trial for newly discovered evidence, and especially is this true of a motion therefor in a criminal action at the next succeeding term of the Superior Court after affirmance of the judgment by the Supreme Court, since motions for a new trial for newly discovered evidence in criminal cases may not be made in the Supreme Court.

**2. Criminal Law L b—**

Application for order allowing defendant to appeal *in forma pauperis* held improvidently entered under authority of *Powell v. Moore,* 204 N. C., 654.

APPEAL by defendant from *Small, J.,* at February Term, 1934, of DURHAM.

At the March Term, 1933, Durham Superior Court, the defendant in the above entitled cause was tried upon an indictment charging him, and two others, with the murder of one Thaddeus Tilley, which resulted in a conviction and sentence of death. The defendant appealed to the Supreme Court. The judgment was affirmed in an opinion filed 10 January, 1934. *S. v. Ferrell,* 205. N. C., 640.

At the next succeeding term of Durham Superior Court following affirmance of the judgment on appeal, the defendant lodged a motion for a new trial on the ground of newly discovered evidence under authority of *S. v. Casey,* 201 N. C., 620, 161 S. E., 81, and *S. v. Starnes,* 97 N. C., 423, 2 S. E., 447. The motion was duly considered and denied.

From this ruling the defendant gave notice of appeal and was allowed to prosecute the same *in forma pauperis.*

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*L. P. McLendon, W. S. Lockhart, A. A. McDonald and M. M. Leggett for defendant.*

STACY, C. J. We have held in a number of cases that no appeal lies to this Court from a discretionary determination of an application for a new trial on the ground of newly discovered evidence. *S. v. Edwards,* 205 N. C., 661; *S. v. Riddle and Huffman,* 205 N. C., 591; *S. v. Lea,* 203 N. C., 316, 166 S. E., 292; *S. v. Shipman,* 203 N. C., 325, 166 S. E., 298; *S. v. Davis,* 203 N. C., 327, 166 S. E., 297; *S. v. Rhodes,*

203 N. C., 329, 166 S. E., 299; *S. v. Moore,* 202 N. C., 841, 163 S. E., 700; *S. v. Griffin,* 202 N. C., 517, 163 S. E., 457; *S. v. Cox,* 202 N. C., 378, 162 S. E., 907; *S. v. Lambert,* 93 N. C., 618; *Crane v. Carswell,* 204 N. C., 571, 169 S. E., 160; *Carson v. Dellinger,* 90 N. C., 226; *Holmes v. Godwin,* 69 N. C., 467; *Vest v. Cooper,* 68 N. C., 131. Especially is this so in criminal cases where such applications are not originally entertained in the appellate court. *S. v. Casey,* 201 N. C., 620, 161 S. E., 81.

It also seems that the order allowing the movant, or petitioner, to appeal *in forma pauperis* was improvidently granted. *Powell v. Moore,* 204 N. C., 654, 169 S. E., 281.

Appeal dismissed.