JOHNSON, J., not sitting.

---

JOHN C. JEFFRIES v. SUPER SERVICE GARAGE, INC., BENJAMIN WEINSTEIN AND ALEXANDER WEINSTEIN.

(Filed 7 November, 1956.)

**Trial § 47—**

The lower court has no jurisdiction to hear a motion for new trial for newly discovered evidence after the appeal from its judgment has been withdrawn by consent.

JOHNSON, J., not sitting.

APPEAL by defendants from *Fountain, Special Judge,* May Term, 1956, of WAKE.

This is a civil action instituted 5 April 1955 and tried at the November Term 1955, resulting in a verdict in favor of the plaintiff.   From the judgment entered on the verdict the defendants gave notice of appeal to the Supreme Court but did not perfect their appeal.

On 9 April 1956, the defendants through their counsel and the plaintiff through his counsel consented in writing to the entry of an order by the judge then holding a term of Superior Court in Wake County, in which order the court found that the appeal of the defendants had been abandoned and decreed that the judgment theretofore entered shall be and remain in full force and effect.

A motion for a new trial for newly discovered evidence was made by the defendants on 27 April 1956, the day after the adjournment of the

next succeeding term following the entry of the consent order of 9 April 1956. The court held it was without authority to entertain such motion and entered an order accordingly.

The defendants appeal, assigning error.

*Simms & Simms and R. Roy Carter for plaintiff.*
*J. C. B. Ehringhaus, Jr., for defendants.*

PER CURIAM. When the defendants consented to the withdrawal of the appeal on 9 April 1956, no right existed thereafter to grant a motion for a new trial on the ground of newly discovered evidence at the next succeeding or any other term of the Superior Court. *Lancaster v. Bland,* 168 N.C. 377, 84 S.E. 529; *S. v. Casey,* 201 N.C. 620, 161 S.E. 81. Moreover, it was agreed, in connection with the withdrawal of the appeal, that the judgment shall remain in full force and effect. Thus, it became a consent judgment which may not be set aside without the consent of the parties, except for fraud or mutual mistake. *Spruill v. Nixon,* 238 N.C. 523, 78 S.E. 2d 323.

The court below correctly held that it had no power to entertain the motion of the defendants for a new trial on the ground of newly discovered evidence.

Affirmed.

JOHNSON, J., not sitting.