STATE v. R. BRADY SMITH.

(Filed 12 December, 1956.)

Criminal Law § 57b—

   Where an appeal is taken and subsequently abandoned after the termination of the trial term, the Superior Court is without jurisdiction to entertain a motion for a new trial on the ground of newly discovered evidence.

JOHNSON, J., not sitting.

APPEAL by defendant from *Rousseau, J.*, February Term 1956 of STOKES.

Defendant's motion for a new trial on the ground of newly discovered evidence was denied, and defendant appealed.

*George B. Patton, Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*
*Buford T. Henderson and Dallas C. Kirby for Defendant, Appellant.*

PARKER, J. At the October Term 1955 of the Superior Court of Stokes County defendant was convicted by a jury of the crime of carnal knowledge of Georgia Lee Wilkins, a female child over twelve

and under sixteen years of age, who, the bill of indictment alleged, had never before had sexual intercourse with any person, an offense condemned by G.S. 14-26. After judgment was pronounced on the verdict, defendant in open court appealed to the Supreme Court.

The October Term 1955 of Stokes County was a one-week criminal term, which opened on the 3rd day of October. On 28 October 1955, in the office of a lawyer in Martinsville, Virginia, Georgia Lee Wilkins made an affidavit repudiating her testimony at the trial and stating that, before she had sexual relations with the defendant, she had had sexual relations with a man now in the army.

The next term of Stokes Superior Court after the October Term 1955 was the February Term 1956. Upon the discovery of the affidavit that Georgia Lee Wilkins made 28 October 1955, defendant abandoned his appeal to the Supreme Court, and at the February Term 1956 made a motion for a new trial on the ground of newly discovered evidence. The presiding judge entered judgment that in his opinion it was not newly discovered evidence, and denied the motion.

A motion for a new trial in a criminal case on the ground of newly discovered evidence may be made in the Superior Court at only two terms—"the trial term and the next succeeding term following affirmance of judgment on appeal." *S. v. Edwards,* 205 N.C. 661, 172 S.E. 399. In *S. v. Casey,* 201 N.C. 620, 161 S.E. 81, it is said, "unless the case is kept alive by appeal, such motion can be entertained only at the trial term."

At the February Term 1956 the appeal taken at the October Term 1955 had been abandoned, and the Superior Court at the February Term 1956, or at any other succeeding term of the Superior Court, had no jurisdiction to entertain a motion for a new trial on the ground of newly discovered evidence. *S. v. Edwards, supra; Jeffries v. Garage, Inc.,* 244 N.C. 745, 94 S.E. 2d 841.

If the appeal had not been abandoned, a motion for a new trial for newly discovered evidence at the February Term 1956 would have been *coram non judice,* for the case would have been pending in the Supreme Court on appeal. *S. v. Edwards, supra; S. v. Casey,* 201 N.C. 185, 159 S.E. 337.

What is said in *S. v. Williams,* 185 N.C. 643, 116 S.E. 570, may be aptly quoted here: "If there is any particular virtue in the changed statement of the witness, it should be addressed to the executive and not to the judicial branch of the Government."

Appeal dismissed.

JOHNSON, J., not sitting.