### STATE v. GENE NANCE.

(Filed 23 November, 1960.)

**1. Criminal Law §§ 125, 140—**

> A motion for a new trial for newly discovered evidence may not be made in a criminal case in the Supreme Court, but may be made only in the trial court, at the trial term, or, in case of appeal, at the next succeeding term of the Superior Court after affirmance of the judgment by the Supreme Court.

**2. Intoxicating Liquor § 13c—**
    Evidence of defendant's guilt of illegal sale of intoxicating liquor
to a minor *held* sufficient to take the case to the jury.

APPEAL by defendant from *Hooks, Special Judge,* August Criminal
Term, 1960, of CABARRUS.

This is a criminal action in which the defendant, Gene Nance,
was originally tried and convicted in the Cabarrus County Recorder's Court on a warrant charging him with the illegal sale of intoxicating liquors to a minor, Bill Eudy, age 15 years. The defendant
appealed to the Superior Court.

Bill Eudy testified that he was 16 years of age at the time of
the trial below; that on the night of 25 November 1959 he and
Ronnie Kiker went to the defendant's home, knocked on the door
and entered the hall thereof; that theretofore he and the said Ronnie
Kiker had "made up between us" the money; that Ronnie told the
defendant he wanted to buy a pint of liquor; that the defendant
got the liquor and gave it to Ronnie, who handed the defendant
$3.50. These boys then went to the high school where a dance was
in progress and drank the liquor. Later, the same evening, these
same boys and Wayne Starnes each put up some money, returned
to the defendant's home and bought another pint of liquor. Eudy
testified that, "Me and Ronnie gave him (the defendant) $3.50 for
it." Ronnie Kiker testified that he was only 17 years of age at
the time of the trial below.

The jury returned a verdict of guilty. From the judgment imposed, the defendant appeals and assigns error.

*Attorney General Bruton, Asst. Attorney General McGalliard for
the State.*
*Ann L. McKenzie for defendant.*

PER CURIAM. The defendant has filed in this Court a motion for
a new trial based on newly discovered evidence.

A motion for a new trial for newly discovered evidence in a criminal case may be made in the trial court only, at the trial term, or,
in case of appeal, at the next succeeding term of the Superior Court
after affirmance of the judgment by the Supreme Court. *S. v. Casey,*
201 N.C. 620, 161 S.E. 81; *S. v. Edwards,* 205 N.C. 661, 172 S.E.
399; *S. v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520.

The defendant assigns as error the refusal of the court below
to grant his motion for judgment as of nonsuit made at the close

of the State's evidence and renewed at the close of all the evidence. In our opinion, the evidence was sufficient to take the case to the jury. This assignment of error is overruled.

No prejudicial error has been made to appear that in our opinion would justify the granting of a new trial.

No error.