## STATE v. MACK LOCKLEAR.

### (Filed 20 January, 1961.)

APPEAL by defendant from *Burgwyn, Emergency Judge,* February Special Term, 1960, of ROBESON.

In a criminal prosecution on an indictment charging that defendant, on January 10, 1960, with force and arms, "feloniously, willfully and of his malice aforethought, did kill and murder Gurvis Locklear," the jury returned a verdict of "Guilty of Murder in the first degree with a recommendation of mercy." Thereupon, the court pronounced judgment, imposing a sentence of life imprisonment, from which defendant appealed.

*Attorney General Bruton and Assistant Attorney General Mc-Galliard for the State.*

*Britt, Campbell & Britt for defendant, appellant.*

PER CURIAM. The only assignments of error, directed to the denial of defendant's motions under G.S. 15-173 for judgment as in case of nonsuit, are without merit. Plenary evidence of defendant's guilt supports the verdict. Indeed, defendant did not, either by brief or in oral argument, contend otherwise. Rather, he asserts his intention to move for a new trial on the basis of evidence discovered subsequent to the trial term and that the appeal was perfected in order to preserve defendant's right to make such motion at the "next succeeding term (of superior court) following affirmance of the judgment on appeal." *S. v. Edwards,* 205 N.C. 661, 172 S.E. 399; *S. v. Casey,* 201 N.C. 620, 161 S.E 81.

While defendant does not assign error in respect thereof, attention is called to the fact that the jury's "recommendation of mercy" is not in accord with G.S. 14-17. However, since the court, by imposing a sentence of life imprisonment, treated the verdict as if the jury had recommended that "the punishment be imprisonment for life in the State's prison," the irregularity in the verdict has not prejudiced defendant and the court's judgment will not be disturbed on account thereof.

No error.