STATE OF NORTH CAROLINA v. CHARLES E. MORROW.

(Filed 14 October, 1964.)

**1. Criminal Law § 87—**

An indictment charging defendants with rape and an indictment charging defendants with armed robbery may be consolidated for trial when it appears that defendants stopped the car in which husband and wife were riding, forced them into the woods where each raped the wife while the other held a pistol on the husband, and that one of them committed robbery from the person of the husband while he was being held at the point of the pistol, since the crimes are so connected in time and place that the evidence on the trial of the one is competent and admissible on the trial of the other. G.S. 15-152.

**2. Criminal Law § 125—**

A motion for a new trial for newly discovered evidence may be made only at the trial term and, in the event of an appeal, at the term next succeeding affirmance of the judgment on appeal.

**3. Same—**

The Superior Court is without jurisdiction to hear a motion for a new trial for newly discovered evidence during the pendency of an appeal, and its denial of motion so made is a nullity and an appeal from such denial must be dismissed.

APPEAL by defendant from *Braswell, J.,* 13 April 1964 Special Criminal Session of MECKLENBURG, and appeal by defendant from an order of *Walker, S. J.,* 15 June 1964 Criminal Session of MECKLENBURG denying defendant's motion for a new trial upon the ground of newly discovered evidence.

Criminal prosecution on two indictments: One charging Charles E. Morrow, alias Charles E. Franklin, and Warren Hill Summers in Mecklenburg County on 21 December 1963 with feloniously ravishing and carnally knowing Sara Lee Guion, a female person, by force and against her will, and another charging both defendants at the same time and place with the robbery of fifty-two cents in money from the person of Benny Guion by the use of firearms, to wit, a pistol, and other dangerous weapons, a violation of G.S. 14-87.

Plea by Morrow not guilty to both indictments. Previously Summers had entered pleas of guilty to both indictments, seemingly, according to the record before us, pursuant to the provisions of G.S. 15-162.1. At the close of the State's evidence the trial court allowed defendant Morrow's motion for judgment of compulsory nonsuit on the indictment charging armed robbery. Verdict on the indictment charging the felony of rape: "Guilty as charged of the crime of rape with a recommendation of life imprisonment."

STATE *v.* MORROW.

From a judgment of imprisonment for life defendant Morrow appeals.

*Attorney General T. W. Bruton and Assistant Attorney General James F. Bullock for the State.*
*George J. Miller for defendant appellant.*

PER CURIAM. Defendant Morrow assigns as error the order of the trial judge, entered upon motion of the solicitor, consolidating the armed robbery case and the rape case for trial. This assignment of error is overruled.

The State's evidence presents these facts: About 10 p.m. on 21 December 1963 Charles E. Morrow was driving an automobile, with Warren Hill Summers riding in it as a passenger, on Highway 51 near Pineville. They came up behind an automobile driven by Sara Lee Guion, in which her husband Benny Guion was a passenger. Morrow said to Summers, "Let's rape her"; Summers agreed. Whereupon, Morrow drove past the Guion automobile about half a mile, and stopped his automobile across the highway blocking traffic. Sara Lee Guion drove up and stopped. Morrow and Summers got out of their automobile and walked to the Guion automobile. Morrow pointed a pistol at them and told them "to stick them up." Sara Lee Guion jumped out of her automobile and ran down the highway screaming. Summers testified Morrow ran down the highway, caught her, and brought her back; Sara Lee Guion testified Summers was the person who ran her down, caught her, and brought her back. The Guions were then placed in the Morrow automobile on the back seat. Summers sat on the back seat with them, holding a pistol on them. Morrow then drove the automobile down the highway, and off the highway about two miles on a dirt road, and parked in the woods. Summers got out of the automobile, held the pistol on Benny Guion and forced him to get out of the automobile and go down into the woods with him. Then Morrow got into the back seat where Sara Lee Guion was, and by force and against her will ravished her. When he had finished, he told her to stay in the automobile. He then went in the woods, took the pistol from Summers, and held it on Benny Guion. Summers went to the automobile, got in, and by force and against her will ravished Sara Lee Guion. When Summers had Benny Guion in the woods holding a pistol on him and Morrow was ravishing Sara Lee Guion, Summers robbed Benny Guion of fifty-two cents in money. Sara Lee Guion testified: "From where my automobile was stopped, down to the wooded area, the two men in the

car asked us on the way down if we were married, and we told them yes, and they said they needed $25.00 to go to Ennisville."

The two indictments here charge Morrow with crimes which are so connected in time and place as that evidence at the trial of one of the indictments is competent and admissible at the trial of the other, and under such circumstances the trial judge was authorized by the provisions of G.S. 15-152 in his sound discretion to order their consolidation for trial. *S. v. White,* 256 N.C. 244, 123 S.E. 2d 483; *S. v. Truelove,* 224 N.C. 147, 29 S.E. 2d 460; *S. v. Chapman,* 221 N.C. 157, 19 S.E. 2d 250; *S. v. Combs,* 200 N.C. 671, 158 S.E. 252; Strong's N. C. Index, Vol. I, Criminal Law, § 87.

We have examined defendant's assignments of error to the admission of evidence over his objections and exceptions, and to the refusal of the court to strike it out, and no prejudicial error appears. A discussion of them *seriatim* would serve no useful purpose, and they are all overruled.

Defendant has no assignments of error to the charge of the court to the jury. In the trial before Judge Braswell we find

No error.

## MOTION FOR A NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE

From the judgment of life imprisonment, defendant appealed in apt time to the Supreme Court. On 4 May 1964, Campbell, J., entered an order requiring the county commissioners of Mecklenburg County to pay all necessary costs for obtaining from the court reporter a transcript of the evidence and charge of the court for the use of defendant, an indigent, and to pay all necessary costs for filing in the Supreme Court the statement of the case on appeal and defendant's brief, to the end that defendant's appeal might be properly perfected.

While defendant's appeal was pending in the Supreme Court for argument at the Fall Term 1964, defendant by his counsel made a motion before Judge Walker presiding over the 15 June 1964 Criminal Session of Mecklenburg County for a new trial, and in support of his motion he attached thereto an unsworn letter from Warren H. Summers addressed to his lawyer. Summers wrote this letter from the State prison where he is serving a sentence of life imprisonment based on his plea of guilty of raping Sara Lee Guion. In this letter he states in effect he is not guilty of raping Sara Lee Guion, and that he lied on Morrow and himself when he testified against Morrow as a State's witness. The

testimony of Sara Lee Guion is to the effect that she was first raped by Morrow, and then by Summers.

Defendant's motion for a new trial on the ground of newly discovered evidence was not made at the term of court at which he was tried and convicted, but at a subsequent term presided over by Walker, S. J., and at a time when his case was on appeal to the Supreme Court. A motion for a new trial in a criminal case on the ground of newly discovered evidence can be entertained by the superior court at only two terms — "the trial term and the next succeeding term following affirmance of judgment on appeal." *S. v. Edwards,* 205 N.C. 661, 172 S.E. 399; *S. v. Smith,* 245 N.C. 230, 95 S.E. 2d 576. In *S. v. Casey,* 201 N.C. 620, 161 S.E. 81, it is said, "unless the case is kept alive by appeal, such motion can be entertained only at the trial term."

During the pendency of the appeal here in the Supreme Court, Judge Walker was without power to entertain the motion. *S. v. Casey, supra; Bledsoe v. Nixon,* 69 N.C. 81; *S. v. Lea,* 203 N.C. 316, 166 S.E. 292; *S. v. Smith, supra.* Judge Walker should not have entertained the motion. However, he heard evidence, found facts, and denied the motion. For lack of power by Judge Walker to entertain the motion, his order is a nullity.

A new trial will not be awarded in a criminal case in the Supreme Court for newly discovered evidence. *S. v. Williams,* 244 N.C. 459, 94 S.E. 2d 374; *S. v. King,* 225 N.C. 236, 34 S.E. 2d 3.

Defendant, if he so desires, may make a motion for a new trial for newly discovered evidence in the trial court at the next succeeding criminal session after this case is certified down. *S. v. Dunheen,* 224 N.C. 738, 32 S.E. 2d 322.

Appeal from Judge Walker's order denying a new trial for newly discovered evidence dismissed.

The result is this:

In the trial before Judge Braswell
No error.

Appeal from Judge Walker's order
Dismissed.