STATE OF NORTH CAROLINA v. EDITH THOMAS
No. 6820SC463

(Filed 11 December 1968)

**1. Homicide § 31— sentence — involuntary manslaughter**
    Sentence of imprisonment to a term of three to seven years, imposed upon defendant's plea of guilty to involuntary manslaughter, does not constitute cruel and unusual punishment.

**2. Criminal Law § 131— new trial for newly discovered evidence**
    Where the case is on appeal, a motion for a new trial on the ground of newly discovered evidence may be made at the next succeeding term of the trial court following affirmance of the judgment on appeal.

APPEAL by defendant from *Burgwyn, E.J.,* at the July 1968 Session of RICHMOND Superior Court.

Defendant was charged in a bill of indictment, proper in form, with the murder of her husband. When the case was called for trial, the solicitor announced that he would not seek a verdict of first-degree murder but would seek a verdict of second-degree murder or manslaughter as the jury might find. Initially, the defendant entered a plea of not guilty but at the conclusion of the State's evidence tendered a plea of guilty of involuntary manslaughter, which plea was accepted by the State.

After hearing the defendant's testimony, the court sentenced her to a term of not less than three years nor more than seven years in the Woman's Division of the State's Prison. Defendant appealed.

*Attorney General T. Wade Bruton and Assistant Attorney General Bernard A. Harrell for the State.*

*Webb, Lee, Davis & Sharpe by Benny Sharpe for defendant appellant.*

BRITT, J.

[1]    The sole assignment of error brought forward in defendant's brief is that the sentence imposed on defendant constituted cruel and unusual punishment.

In *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216, in an opinion by Parker, C.J., we find the following:

> "We have held in case after case that when the punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense. *S. v. Stansbury,* 230 N.C. 589, 55 S.E. 2d 185; *S. v. Welch,* 232 N.C. 77, 59 S.E. 2d 199; *S. v. Whaley,* 263 N.C. 824, 140 S.E. 2d 305; *S. v. Stubbs,* 266 N.C. 295, 145 S.E. 2d 899; *S. v. Davis,* 267 N.C. 126, 147 S.E. 2d 570."

The assignment of error is overruled.

[2]    In their brief, defendant's counsel also state that additional evidence was brought to their attention after the trial session adjourned. They set forth as an exhibit what purports to be an affidavit of Dr. W. D. James stating that the deceased made certain statements favorable to defendant to Dr. James a short while before his death. Defendant's brief concludes with the following: "* * * [T]he defendant prays for a dismissal of the judgment and sentence of the court below and that a new trial be granted."

The procedure for moving for a new trial in a criminal action on the grounds of newly discovered evidence is well established in this jurisdiction. In *State v. Edwards,* 205 N.C. 661, 172 S.E. 399, in an opinion by Stacy, C.J., it is said:

> "* * * [W]hen a case is tried in the Superior Court, and no appeal is taken from the judgment rendered therein, motion for new trial on the ground of newly discovered evidence may be entertained only at the trial term. (Citing authorities) But if the case is kept alive by appeal, such motion may be made, as

a *dernier ressort,* in the Superior Court at the next succeeding term following affirmance of the judgment on appeal. (Citing authorities)."

See also *State v. Morrow,* 262 N.C. 592, 138 S.E. 2d 245, and *State v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520.

For the reasons stated, the judgment of the superior court is Affirmed.

BROCK and PARKER, JJ., concur.