STATE OF NORTH CAROLINA v. JOHNNY CALVIN PATE

No. 7326SC754

(Filed 14 November 1973)

1. **Robbery § 4— armed robbery — identification testimony — sufficiency of evidence**

    The State's evidence was sufficient for the jury in an armed robbery case where witnesses identified defendant as (1) the man who held the gun during the robbery by three persons and (2) the man who handed a check stolen in the robbery to a State's witness for the purpose of cashing it.

2. **Criminal Law § 66— failure to identify defendant from photographs or at lineup — identification in hallway — identification at trial**

    Although a robbery victim failed to identify defendant from photographs or at a police lineup, but identified defendant in a hallway prior to the preliminary hearing and at the hearing, the victim was properly allowed to identify defendant at the trial where the court found upon supporting *voir dire* evidence that the identification prior to and at the preliminary hearing was based upon observation at the time of the robbery and that the identification at trial was of independent origin and not tainted by any pretrial procedure.

3. **Criminal Law § 131— new trial for newly discovered evidence — appeal pending — authority of trial court**

    The trial court was without authority to entertain defendant's motion for a new trial for newly discovered evidence filed after expiration of the trial term and while an appeal in the case was pending.

4. **Criminal Law § 131— new trial for newly discovered evidence — motion in appellate court — motion after judgment affirmed**

    A new trial for newly discovered evidence will not be awarded in a criminal case in the appellate division, but a motion for a new trial for such reason may be made in the lower court at the next succeeding term following affirmance of the judgment on appeal.

APPEAL by defendant from *Grist, Judge,* 2 April 1973 Session of Superior Court held in MECKLENBURG County.

Defendant Johnny Calvin Pate, along with one Robert Lee Morrow, was tried upon a bill of indictment charging armed robbery; the cases were consolidated for trial.

The State's evidence tended to show that on 24 November 1972, Mrs. Rebecca Roberts was employed by Long's Dry Cleaners in Charlotte, North Carolina. Between 3:20 and 3:30 p.m. on that date, defendant Pate and two or more men entered the establishment. Defendant Pate advanced toward the witness Roberts, pointed a gun at her, and demanded that she fill

up a pink plastic bag which he handed her. While holding the gun four or five inches from the side of the witness while the witness was extracting money from the cash register, defendant Pate became anxious and dumped everything from the register including a payroll check for the witness Roberts, endorsed by her, into the bag. Another man instructed the witness to lie down on the floor and close her eyes until the men escaped. The witness failed to identify defendant Pate at a subsequently held police lineup or from photographs. The witness did identify defendant Pate in a hallway prior to entering the district court where a preliminary hearing regarding the robbery was to be held; she also identified the defendant Pate at the hearing and at the trial. She was unable to identify defendant Morrow as one of the individuals who entered the establishment on the date in question.

The State also presented the testimony of Mary Elaine Morrison who knew both defendants. On 24 November 1972, the witness Morrison attempted to cash the endorsed check of Mrs. Rebecca Roberts, having been requested by the defendant to do so after being told the check belonged to the sister of Morrow. The witness was arrested and charged with receiving stolen goods.

Defendant Pate's evidence tended to show that at different times on the day in question, the defendant had been seen by three different witnesses.

*Attorney General Morgan, by Assistant Attorney General Icenhour, for the State.*

*Peter H. Gerns for the defendant.*

BROCK, Chief Judge.

The defendant assigns as error the failure of the trial court to allow his motion for judgment of nonsuit.

"On motion to nonsuit, the evidence must be considered in the light most favorable to the state, and the state is entitled to every reasonable intendment thereon and every reasonable inference therefrom. Contradictions and discrepancies, even in the state's evidence, are for the jury to resolve, and do not warrant nonsuit. Only the evidence favorable to the state will be considered, and defendant's evidence relating to matters of

defense, or defendant's evidence in conflict, with that of the state, will not be considered." 2 Strong, N. C. Index 2d, Criminal Law § 104, pp. 648-651.

[1] The testimony of the witnesses identifying defendant Pate as (1) the man who held the gun during the robbery, and (2) the man who handed the stolen check to the witness Morrison for the purpose of cashing it, is sufficient to take the question to the jury. This assignment of error is overruled.

[2] The defendant next assigns as error that the trial court found as a fact and concluded as a matter of law that the in-court identification of State's witness, Mrs. Rebecca Roberts, was of independent origin and not tainted by any pretrial identification procedure. Prior to the presentation of evidence at trial, the defendant moved to suppress all evidence pertaining to identification and the court conducted a voir dire in the absence of the jury. Following the voir dire, the court made findings of fact and concluded that the in-court identification of the defendant was not based upon photographic or lineup procedures, constitutionally impermissible in nature or in scope; that such photographic or lineup procedures did not produce identification of the defendant; that identification by the witness in a hallway prior to the preliminary hearing and at the preliminary hearing, was based upon observation at the time of the robbery.

"It is well established in North Carolina that findings of fact made by the trial judge and conclusions drawn therefrom on the voir dire examination are binding on the appellate courts if supported by evidence." *State v. Accor* and *State v. Moore*, 281 N. C. 287, 188 S.E. 2d 332. This assignment of error is overruled.

[3] Defendant also seeks a new trial upon the basis of newly discovered evidence submitted to the trial judge after expiration of the trial term and while the appeal was pending before this Court. The trial court properly determined that it was without authority to entertain a motion for a new trial while the case is on appeal. However, the judge entered an order directing that defendant's motion for a new trial be made a part of the record on appeal so that it could be considered by this Court.

[4] "The procedure for moving for a new trial in a criminal action on the grounds of newly discovered evidence is well estab-

lished in this jurisdiction. In *State v. Edwards,* 205 N.C. 661, 172 S.E. 399, in an opinion by Stacy, C. J., it is said:

' * * * [W]hen a case is tried in the Superior Court, and no appeal is taken from the judgment rendered therein, motion for new trial on the ground of newly discovered evidence may be entertained only at the trial term. (Citing authorities.) But, if the case is kept alive by appeal, such motion may be made, as a *dernier ressort,* in the Superior Court at the next succeeding term following affirmance of the judgment on appeal. (Citing authorities.)' " *State v. Thomas,* 3 N.C. App. 223, 164 S.E. 2d 391. A new trial will not be awarded in a criminal case in the appellate division for newly discovered evidence. *State v. Morrow,* 262 N.C. 592, 138 S.E. 2d 245.

For the reasons stated, the motion for a new trial is dismissed without prejudice to the right of defendant to present such motion at the next session of Superior Court held in Mecklenburg County after this opinion is certified to said Court.

No error.

Judges BRITT and HEDRICK concur.