STATE OF NORTH CAROLINA v. CLARENCE WADY LEE, JR.

No. 7412SC397

(Filed 5 June 1974)

1. Criminal Law § 131— new trial for newly discovered evidence — time for filing motion

A motion for a new trial in a criminal case on the ground of newly discovered evidence may be filed in the superior court at either the session during which the case was tried or at the next succeeding session following certification of affirmation of the trial court's judgment on appeal.

2. Criminal Law § 131— new trial for newly discovered evidence — discretion of court — appeal

An appeal does not lie from a discretionary determination of a motion for a new trial for newly discovered evidence.

APPEAL by defendant from an Order of *Braswell, Judge,* entered during the 26 November 1973 Session of Superior Court held in CUMBERLAND County, denying defendant's motion for a new trial for newly discovered evidence. Heard in the Court of Appeals 8 May 1974.

*Attorney General Morgan, by Associate Attorney Rutledge, for the State.*

*Faircloth & Fleishman, by Neill H. Fleishman, for the defendant.*

BROCK, Chief Judge.

On 17 January 1973, defendant was convicted in the Superior Court of Cumberland County of two felonies of involuntary manslaughter. Notice of appeal was timely entered and an appeal was perfected to the North Carolina Court of Appeals.

By opinion filed 27 June 1973, the Court of Appeals found no error. *State v. Lee,* 18 N.C. App. 580, 197 S.E. 2d 229. By Order entered 31 August 1973, the Supreme Court of North Carolina denied defendant's petition for writ of certiorari. *State v. Lee,* 283 N.C. 756, 198 S.E. 2d 726. Said Order of the Supreme Court of North Carolina was certified to the Superior Court of Cumberland County on 7 September 1973.

The next session of Superior Court of Cumberland County for the trial of criminal cases, following the certification of the Order of the Supreme Court, was a three week session which

State v. Lee

commenced on Monday, 17 September 1973. On 31 October 1973, defendant filed a motion for a new trial on the grounds of newly discovered evidence. Under the law in this State, the motion for a new trial on the grounds of newly discovered evidence was not timely filed, and Judge Braswell should not have entertained the motion.

[1] It has long been the law in this State that a motion for a new trial in a criminal case on the ground of newly discovered evidence cannot be made in the appellate division. Such a motion may be made in the superior court, but it may be filed there at only two sessions (formerly designated terms). The motion may be filed at the session during which the trial was held, and, if the case is kept alive by appeal, such motion may be filed at the next succeeding session following certification of affirmance of the trial court's judgment on appeal. *State v. Pate,* 19 N.C. App. 701, 200 S.E. 2d 217; *State v. Thomas,* 3 N.C. App. 223, 164 S.E. 2d 391; *State v. Morrow,* 262 N.C. 592, 138 S.E. 2d 245; *State v. Smith,* 245 N.C. 230, 95 S.E. 2d 576; *State v. Edwards,* 205 N.C. 661, 172 S.E. 399; *State v. Casey,* 201 N.C. 620, 161 S.E. 81; 7 Strong, N. C. Index 2d, Trial, § 49, p. 365.

The purported appeal in this case must be dismissed for two reasons.

The motion for a new trial on the grounds of newly discovered evidence was not filed at either the session during which the case was tried, or at the next succeeding session following certification of affirmance on appeal and therefore, Judge Braswell had no authority to entertain the motion.

[2] A motion for a new trial on the grounds of newly discovered evidence is addressed to the discretion of the trial court. 1 Strong, N. C. Index 2d, Appeal and Error, § 54, p. 213. An appeal does not lie from a discretionary determination of an application for a new trial for newly discovered evidence. *State v. Williams,* 244 N.C. 459, 94 S.E. 2d 374; *State v. Ferrell,* 206 N.C. 738, 175 S.E. 91; *State v. Moore,* 202 N.C. 841, 163 S.E. 700.

Appeal dismissed.

Judges PARKER and BALEY concur.