JOHN M. JOHNSTON et al v. THE DANVILLE, MOCKSVILLE
AND SOUTH-WESTERN RAILROAD COMPANY.

*Appeal—Costs—Practice on Certificate from Supreme Court—
Judgment.*

1. The statute in reference to appeals (Ch. 192, Laws of 1887) is direc-
   tory only in those respects which relate to the forms to be observed
   and the time when the orders, judgments, etc., should be made
   upon receipt by the Superior Court of the opinion and judgment
   of the Supreme Court in cases which have been appealed and cer-
   tified down, and hence, the Superior Court has power to enter
   such orders, etc., at any term thereof, subsequent to the first, after
   the certificate from the Supreme Court is received.

2. Judgment for costs in the Supreme Court is rendered in that Court;
   the Superior Court has no jurisdiction in that matter.

3. The practice in entering judgment on certificate from Supreme Court,
   pointed out by MERRIMON, C. J.

This case was before this Court by a former appeal, at the
February Term of 1890, and the judgment appealed from
was then affirmed. Thereupon the order and judgment of
this Court was certified to the Superior Court, and the fol-
lowing is a copy thereof:

"This cause came on to be argued upon the transcript of
the record from the Superior Court of Rockingham County.
Upon consideration whereof this Court is of opinion that
there is no error in the record and proceedings of the said
Superior Court.

It is, therefore, considered and adjudged by the Court here,
that the opinion of the Court as delivered by the Honorable
A. S. MERRIMON, Chief Justice, be certified to the said Supe-
rior Court, to the intent that the judgment be affirmed.

And it is considered and adjudged further, that the appel-
lant, J. Turner Morehead, do pay the costs of the appeal in
this Court incurred, to-wit, the sum of thirteen dollars, and
let execution issue therefor."

In the Superior Court of Rockingham County, at the January Term, 1891, thereof, *Bynum, J.,* presiding, the Court entered judgment in pursuance of the order here, as follows:

"In this action J. Turner Morehead, receiver of the Danville, Mocksville and South-western Railroad Company, defendant, having taken an appeal from the judgment of James C. MacRae, Judge, entered on the 6th day of November, 1886, and the certificate having come down from the Supreme Court, and the same being now read and considered by the Court, it is ordered and adjudged by this Court now here, in obedience to said certificate from the Supreme Court, that the order of the said James C. MacRae, Judge, be and the same is affirmed and re-entered as the judgment and decree of this Court, the costs in this Court, together with the costs in the Supreme Court, to be paid as in said decree mentioned and as directed by the judgment of the Supreme Court, by the said J. Turner Morehead, receiver."

The appellant assigned error of this judgment as follows, and appealed to this Court:

1. That it does not comply with the mandatory statute of this State contained in Chapter 192, § 3, of the Laws of 1887:

(*a*) In that it was not filed "at the first term of the Superior Court after the certificate was received;" and

(*b*) In that it fails to "direct the execution thereof to proceed," when said statute expressly commands that, "if the judgment is affirmed, the Court below *shall* direct the execution thereof to proceed."

2. That there can be no legal process issued on the judgment until the "order" is made therein to "proceed."

(6) That this judgment is defective in form and contrary to the course and practice of the Court, in that it adjudges "that the order of the said James C. MacRae, Judge, be and the same is affirmed and re-entered as the judgment and decree of this Court," when the judgment should have been,

that the motion to vacate and set aside the judgment confessed in this action and Court be denied and dismissed, in accordance with the former judgment herein of James C. MacRae, Judge, and the opinion of the Supreme Court in this cause.

(7) That so much of this judgment as refers to cost is erroneous, in that it orders "the cost * * * to be paid * * * as directed by the judgment of the Superior Court by the said J. Turner Morehead, receiver," when, according to the certificate from the Supreme Court, the judgment of the Supreme Court, as to cost, is against J. Turner Morehead."

No counsel for plaintiff.
*Mr. P. B. Means*, for defendant.

MERRIMON, C. J.: The statute (Acts 1887, ch. 192, § 3), among other things, provides that, " In civil cases at the first term of the Superior Court after such certificate (that of the Supreme Court) is received, if the judgment is affirmed, the Court below shall direct the execution thereof to proceed, and if said judgment is modified, shall direct its modification and performance. If a new trial is ordered, the cause shall stand in its regular order on the docket for trial at such first term after the receipt of the certificate from the Supreme Court." Obviously, this statutory provision is directory as to the mere forms to be observed. It does not mean or intend that if at the first term of the Court below after it received the certificate from this Court, it should fail for any cause to act upon the same, there could be no proper or sufficient action taken afterwards. It directs the orderly course to be observed, but it will be sufficient if the substance of the purpose of the statute is pursued. In effectuating such purpose, the orderly course and forms prescribed are almost necessarily subject to well known rules of prac-

tice that prevail in the Courts. Regularly and orderly the certificate from this Court should be entered in the Court below at the first term after it is received there, and the judgment there made to conform to it. If the judgment is affirmed it would be sufficient to enter on the record, " and accordingly the judgment of this Court is so affirmed; let execution issue," in proper cases. If the judgment is to be modified or amended, then it ought to be said, " accordingly the judgment of this Court is accordingly modified " or " is accordingly amended, and it is considered and adjudged," etc.; or if a new trial is directed, in that case it should be entered, if the certificate so directs, " accordingly it is ordered and adjudged that the judgment of the Court be reversed and a new trial awarded, and the case will stand for trial," etc. Such orders should be so framed as to meet the purpose of the directions of the Court and the exigency of the case in the Court below. Besides, in cases so requiring, the Court below should enter appropriate judgments upon *supersedeas* undertakings, and for additional costs when there are properly such. When the appropriate judgment is entered, it is better and more orderly to direct formally that execution issue, but when judgment is entered, by implication and the rules of practice, execution must issue in pursuance thereof, and according to the course of practice. The statute recited above so implies and intends. It is practical and intends to promote and secure the ends of justice.

In this case, the judgment appealed from and complained of as to matters of form and order, though fuller than need be and not so aptly expressed as it probably might be, is a substantial compliance with the order of this Court and with the statute above cited, except as to the costs of this Court. Judgment is entered here for the costs of this Court and ought not to be entered in the Court below, nor was it so intended in this case or directed. The certificate only embraced the judgment here for costs—it is so stated in the

certificate and this part of it might not inappropriately have been omitted—it was no more, however, than harmless, redundant matter, as was apparent.

The judgment must be modified in so far as it refers to and embraces the costs of this Court so as to omit such costs, and thus modified, affirmed.

Judgment modified.