The disposition of a former appeal in this case is reported in186 N.C. 466. It was thought advisable, as stated in the opinion, to postpone the final determination of the questions presented until all pertinent circumstances were made to appear in the manner authorized by the acts under which the defendants were then proceeding. The opinion was filed on 14 November, 1923, but was not certified to the Superior Court of Lee County until 3 December. Meantime, on 20 November, the defendants passed an ordinance making permanent assessments against the plaintiff for paving portions of certain streets in Sanford.
Judge Midyette held that the attempted assessments of 20 November were invalid. We approve this conclusion. The defendants seem to have proceeded upon the assumption that it was not necessary to await the certification of the opinion rendered on appeal, but in this respect they were in error. They had no legal right to make a final assessment against the plaintiff's property before the opinion had been certified to the Superior Court and while the questions presented on the appeal were yet in fieri. C. S., 657, 659, 1413, 1417; Rule 38 (185 N.C. 801); Johnston v. R. R., 109 N.C. 504.
The purported assessments were made under the provisions of chapter 15 of the Private Laws passed at the Extra Session of 1921. Section 5 provides that the board of aldermen shall cause a written notice to be served on all owners of abutting property affected by the improvements at least ten days before the final assessments are made, and that any aggrieved person shall have the right, within ten days after the assessment has been filed with the clerk, to file with the clerk in like manner his objections thereto, and to appeal from the decision to the next term of the Superior Court. The defendants failed to give such notice to the plaintiff. True, they gave notice, on 20 April, 1923, that the final assessments would be made on 15 May, but a restraining order prevented their proceeding at the time designated. Without another notice. *Page 220 
how was it possible for the plaintiff either to know when and where to appear, in order, if it felt aggrieved, to file objections or in due time to exercise its right of appeal to the Superior Court?
The failure to give such notice was equivalent to depriving the plaintiff of rights which are expressly conferred by the statute.
The judgment is
Affirmed.