The judgment in the court below was as follows:
"This cause coming on to be heard, and being heard before the undersigned judge presiding, at the September Term, 1926, of the Superior Court of Lee County, and a jury duly empaneled upon exceptions filed to the assessment for street improvement costs levied by the town of Sanford against the Atlantic Coast Line Railroad Company, in Paving District No. 1, Division A and B, as laid out and created by ordinances of said town, and the court having submitted to the jury the following issues:
`1. Does the Atlantic Coast Line Railroad Company's property abut upon the western side of Chatham Street, between the south line of Harrington Street and Hickory Avenue, and, if so, for what distance? Answer: Yes, 285 feet.
`2. Does the Atlantic Coast Line Railroad Company's property abut upon the western side of Chatham Street, between the north line of Hickory Avenue and the corporate limits of the town of Sanford, and, if so, for what distance? Answer: Yes, 2,483.5 feet.
`3. Does the Atlantic Coast Line Railroad Company's property abut upon the western side of Chatham Street and north of the south line of Harrington Street, and, if so, for what distance? Answer: Yes, 96 feet.'
And the jury for its verdict say, in answer to the first issue, `Yes, 285 feet'; and in answer to the second issue, `Yes, 2,483.5 feet,' and in answer to the third issue, `Yes, 96 feet.'
And it appearing to the court that the board of aldermen of said town of Sanford had heretofore ascertained, determined and declared *Page 341 
the total cost of street improvement work in said Paving District No. 1, Division A and B, to be $42,281.37; that the assessments upon property abutting along and upon the eastern side of Chatham Street in Division B, lying north of the south line of Harrington Street and opposite the property of the Atlantic Coast Line Railroad Company, representing one-third of the actual cost of such street improvement is $4.859753 for each foot of property abutting thereon; and that the assessment abutting against property abutting along and upon the eastern side of Chatham Street, and opposite the side upon which the property of Atlantic Coast Line Railroad Company abuts, in that portion of Division A, lying between the south line of Harrington Street and Hickory Avenue, representing one-third of the actual cost of such street improvement is $4.339492 for each foot to property abutting thereon.
And it further appearing to the court that, after notice to Atlantic Coast Line Railroad Company, as required by law, the board of aldermen of the town of Sanford did, on 22 August, 1925, make final assessment against the property of the Atlantic Coast Line Railroad Company abutting Chatham Street, lying in Paving District No. 1, Division A and B, and from such assessment an appeal was taken to the Superior Court of Lee County by said Atlantic Coast Line Railroad Company.
And it further appearing to the court that all proceedings, ordinances and resolutions had by the board of aldermen of said town were had and perfected in the manner and in all respects as required by law, it is
Considered, ordered and adjudged, that the assessment of costs heretofore made and levied against the Atlantic Coast Line Railroad Company and its property abutting on the west side of Chatham Street, for street improvement work done in Paving District No. 1, extending along Chatham street in the town of Sanford, Division A and B, of such district, be and the same are hereby in all respects ratified and confirmed, and that the said town of Sanford do have and recover of the Atlantic Coast Line Railroad Company the sum of $10,795.07, together with interest thereon from and after 22 August, 1925, at the rate of five and three-quarters of one per cent per annum, until paid, of which amount the sum of four hundred, sixty-six and 54/100 dollars represents assessment of cost of improvement against property of Atlantic Coast Line Railroad Company abutting 96 feet on Chatham Street, north of the south line of Harrington Street, the sum of one thousand, two hundred, thirty-six and 75/100 dollars represents assessments of costs of improvement against property of the said Atlantic Coast Line Railroad Company abutting 285 feet on Chatham Street between the south line of Harrington Street and the north line of Hickory Avenue, and the sum of nine thousand, ninety-one and 78/100 dollars, representing assessment *Page 342 
of costs of improvement against property of the Atlantic Coast Line Railroad Company abutting 2,483.5 feet on Chatham Street, between the north line of Hickory Avenue and the Southern corporate limits of the town of Sanford, and it is further
Considered, ordered and adjudged, that the Atlantic Coast Line Railroad Company pay the costs of this action, to be taxed by the clerk of this court."
The town of Sanford excepted and assigned as error the judgment as rendered, and appealed to the Supreme Court.
The statute under which these assessments are made has been construed by this Court in Gunter v. Sanford, 186 N.C. p. 452. The town of Sanford issued notices to the Atlantic Coast Line Railroad Company to show cause on 15 May, 1923, if any it had, why the assessments against the property for paving improvements should not be made final. Action at this time was stopped at the instance of plaintiff, by an injunction issued by Horton, J., and the assessments were not made. On appeal to this Court (R. R. v.Sanford, 186 N.C. p. 466), the injunction was dissolved. The decision reversing the court below was filed in this Court 14 November, 1923. The town of Sanford, without any notice or hearing, on 20 November, 1923, and before the case was certified to the Superior Court (R. R. v. Sanford,188 N.C. 218), attempted to make the assessment final, and thereunder advertised the railroad company's property for sale. The railroad applied to and obtained from Midyette, J., a restraining order preventing a sale of its property and requiring that the town of Sanford give the notices and hearing required by chapter 15, Private Laws, Extra Session, 1921, sec. 5. From the judgment the town of Sanford appealed to this Court and the contention of the railroad was sustained. See R. R. v. Sanford, supra. The notices were then given, on 5 August, 1925, for a hearing on 15 August, and continued to 22 August, 1925, and on that date the assessments were made against plaintiff's property, totaling $10,795.07.
A synopsis of the pertinent portions of chapter 15, Private Laws, 1921, Extra Session, for a decision in the case, are as follows:
"Sec. 2. Provides that the board of aldermen shall before commencing the street work or improvement estimate the total cost.
"Sec. 3. Provides that such estimated cost shall become a lien on abutting property from the date of filing with the street committee. *Page 343 
"Sec. 4. Provides that when the work is completed the town engineer or other person or committee of the board of aldermen in charge of such work, shall make a report of the total actual cost of such improvement, and that the estimated cost shall be adjusted in accordance therewith, and this sum shall be and remain a lien on abutting property.
"Sec. 5. Provides for serving a written notice `at least ten days before the final assessments provided for in this act are made,' with provisions as to the contents of such notice requiring all property owners to show cause, if any they have, why said assessments should not be made, and providing machinery for an appeal therefrom.
"Sec. 10. Provides that the assessments when made and determined shall bear interest at a specified rate `from the date of final findings' by saidboard of aldermen as herein provided."
The only question involved in this appeal is whether or not the town of Sanford can recover interest on certain paving assessments from the date of findings on 22 August, 1925, as final pursuant to section 10, ch. 15, Private Laws, Extra Session, 1921, which provides that such assessment shall bear interest "from the date of final findings by said board of aldermen as herein provided," or can it recover interest from 15 May, 1923, when such assessments would have been made final pursuant to proper notice except for the intervention of plaintiff by injunction restraining such action, which upon appeal to the Supreme Court was dissolved?
We think the clear language of the act means what it says, that the assessment shall bear interest "from the date of final findings," 22 August, 1925. It may be noted the record says: "Thereafter, on 22 August, 1925, the board of aldermen adopted the following ordinances, to wit: `Order making final paving assessment.'" There is nothing in the statute giving a retroactive effect. In injunctive proceedings, an undertaking with sufficient sureties must be given for damages to the party enjoined that may be sustained by reason of the injunction being wrongfully issued. C. S., 854. McAden v. Watkins, 191 N.C. p. 105.
It appears in the record that "the defendant, town of Sanford, tendered the motion as appeared of record, to submit an issue as to what damage, if any, is the town of Sanford entitled to recover from the Atlantic Coast Line Railroad by reason of the restraining order issued in this cause by Horton, J., dated 14 May, 1923, before the actual signing of the final judgment in the cause. Motion continued to be heard at the next term of this court, to which plaintiff excepts." This matter is interlocutory and not before us. In the judgment below there is
No error. *Page 344