BENNY BOWERS, ERNEST J. PERKINS AND WIFE NANCY S. PERKINS, DOUGLAS K. CONRAD, WILLIAM HINKLE, JOE D. CLINE AND WIFE GRETA CLINE, BILLY JOE HILL AND WIFE CAROLYN HILL, ROBERT CHAMBERS AND WIFE KIMBERLY CHAMBERS, PETITIONERS V. CITY OF THOMASVILLE, A MUNICIPAL CORPORATION, RESPONDENT

No. COA00-601

(Filed 1 May 2001)

**1. Cities and Towns— annexation—timeliness of revision of ordinance after remand**

The trial court did not err by granting summary judgment in favor of defendant city and by upholding the validity of the city's revised annexation ordinance even though the city failed to act within three months of the date the Court of Appeals filed an opinion on 1 December 1998 remanding the case for a revision of the ordinance to remove farm use tax-exempt land from the annexation area and to equalize the water rates for city and county customers, because: (1) the Court of Appeals' opinion indicated a remand to the superior court and then to the city council, meaning the matter was with the Court of Appeals until those steps were accomplished; and (2) the superior court was empowered to start the three-month period once it issued a remand order to the city council.

**2. Cities and Towns— annexation—failure to formally adopt new services plan—equitable estoppel**

Although the minutes of the city council's meeting do not reflect formal adoption of the amended annexation services plan

and its amendments, the city is bound by the terms of the services plans under principles of equitable estoppel, because: (1) the Court of Appeals remanded the city's annexation ordinance and instructed the city to exclude farm use tax-exempt land from the proposed annexation area and to equalize the water rates for newly annexed residents, but did not instruct the city to submit a new services plan; (2) the only significant change to the services plan was the scope of its coverage and the services for petitioners remained the same; (3) petitioners and everyone affected by the proposed annexation knew the nature and scope of the services they would receive based on the earlier services plan filed by the city; and (4) petitioners retain a statutory remedy against the city in the event of noncompliance with the requirements of Chapter 160A.

Appeal by petitioners from order entered 21 October 1999 by Judge Sanford L. Steelman, Jr., in Davidson County Superior Court. Heard in the Court of Appeals 26 March 2001.

*Adams Hendon Carson Crow & Saenger, P.A., by S.J. Crow and Martin K. Reidinger, for petitioner appellants.*

*Thomasville City Attorney Paul Rush Mitchell; and Womble Carlyle Sandridge & Rice, PLLC, by Roddey M. Ligon, Jr., for respondent appellee.*

McCULLOUGH, Judge.

In August 1996, the City of Thomasville prepared an Annexation Ordinance to annex two areas of land into its City Limits. These areas, the Hasty Community and the Pilot Community, combined to make up annexation area 96-A. The City unsuccessfully tried to annex area 96-A in 1995. However, when the Ordinance was challenged in court, the City decided to withdraw it, repeal it, and start the process anew, thereby developing the Annexation Ordinance that is disputed here. The petitioners in this case are concerned residents who own land in the annexation area and believe they are adversely affected by the current Annexation Ordinance.

The Ordinance that is the subject of this appeal was adopted by the Thomasville City Council on 12 August 1996. Petitioners challenged the Ordinance, alleging that it violated N.C.G.S. § 160A-50(g) (1999), because the annexation area included land that had been granted a "farm use" tax exemption and the City had

previously agreed not to annex such property. *See* 1993 N.C. Sess. Laws ch. 292 (describing an annexation agreement between Davidson County, the City of High Point, and the City of Thomasville). The Ordinance was also challenged, because annexation area 96-A included properties served by the County water provider and the City's Services Plan (which outlined municipal services for the City and any of its annexed areas) made no provisions for equalizing the water rates charged to the new City residents on the County system with the rates charged to annexed residents on the City's system.

Petitioners sued the City in April 1997, challenging the validity of the 1996 Annexation Ordinance. The Davidson County Superior Court upheld the validity of the Ordinance and granted the City's motion for summary judgment. Petitioners appealed. In an opinion filed 1 December 1998, this Court remanded the matter to the Davidson County Superior Court and instructed that the Annexation Ordinance could not include farm use tax-exempt properties, and any portions of the territory of the County water provider that remained in the annexation area would have to be served at the same rate as land in the annexation area that was served by the City's water provider. The City acknowledged that the Court of Appeals' opinion remanded the case

(a) For the deletion of property having farm use tax-exempt status and determining if the area qualifies with such property deleted; and

(b) For the elimination of any discrepancies between the water rates charged by the City and those charged by Davidson Water, Inc. to property owners being annexed.

The Supreme Court denied both petitioners' and respondent's petitions for discretionary review on 4 February 1999. The Davidson County Superior Court received this Court's instructions in December 1998, but failed to enter an order remanding the matter to the Thomasville City Council on its own; rather, the Thomasville City Attorney had to approach the superior court and request action. On 6 April 1999, Thomasville City Attorney Paul Mitchell obtained an *ex parte* order from the Davidson County Superior Court entitled "Remand Order in Conformity with the Decision of the North Carolina Court of Appeals." The Remand Order stated:

Upon motion of the Respondent City of Thomasville ("City"), the above-styled matter is hereby remanded to the City's govern-

ing body for further proceedings in conformity with the decision of the North Carolina Court of Appeals which was filed on the first day of December 1998, with petitions for discretionary review being denied on February 4, 1999, and being certified to the Clerk of the Superior Court of Davidson County on February 10, 1999.

Pursuant to the provisions of North Carolina General Statute § 160A-50(g) the City shall have three (3) months from the date of this remand within which to conform to the decision of the North Carolina Court of Appeals, and if the City fails to do so the annexation proceedings shall be deemed null and void.

Thus, by the terms of the Remand Order, the City had from 6 April 1999 to 6 July 1999 to comply with this Court's instructions and preserve the validity of the Annexation Ordinance.

As part of its effort to comply with the Court of Appeals' instructions, the City adopted a new Ordinance which eliminated almost all of the Hasty Community from the annexation area. All areas served by Davidson Water, Inc. (the County water provider) were eliminated, thereby leaving all areas subject to annexation to be served by the City's water system. All farm use tax-exempt land in the Pilot Community was eliminated from the annexation plan, but areas around it were still subject to annexation. An amended Services Plan was not adopted, though the City did amend and adopt a new annexation description, map and qualifications. After all changes were incorporated, the City adopted the revised Annexation Ordinance on 21 June 1999.

Petitioners filed suit on 20 July 1999, challenging the City's month-old Ordinance. The City moved for summary judgment, which was granted on 21 October 1999. Petitioners appealed.

I. The Remand Order

During the previous disposition of this case in 1998, this Court remanded the case to the Davidson County Superior Court, with instructions that the City remedy certain aspects of its annexation plan so that it would meet the statutory guidelines in the relevant subsections of N.C. Gen. Stat. § 160A. Though we affirmed some of the issues in favor of the City, we also instructed the City to revise its Annexation Ordinance by removing farm use tax-exempt land from the annexation area and by equalizing the water rates for City and County customers. The Davidson County Superior Court did not act

until it was approached by the Thomasville City Attorney. The superior court issued a Remand Order on 6 April 1999, thereby remanding the case to the Thomasville City Council, the only body capable of actually revising the Annexation Ordinance.

The pertinent statute in this case is N.C. Gen. Stat. § 160A-50(g), which states:

> If any municipality shall fail to take action in accordance with the court's instructions *upon remand* within 90 days following entry of the order embodying the court's instructions, the annexation proceeding shall be deemed null and void.

(Emphasis added.)

[1] Petitioners first argue that the Annexation Ordinance is null and void because the City failed to act within three months of the date the Court of Appeals' opinion was filed, on 1 December 1998. The City maintains that the three-month period began when the superior court's Remand Order was received on 6 April 1999. N.C. Gen. Stat. § 160A-50(g) specifically refers to "the court's instructions upon remand." The City argues that it could act only after the case was remanded two times; first to the Davidson County Superior Court, and then to the City Council. The City calculates the start of the three-month period on 6 April 1999, the date of the superior court's Remand Order, because only then did the City have the power to revise the Annexation Ordinance. We agree with the City's calculation, and hold that the Annexation Ordinance was revised within the statutory three-month period.

The instructions from the Court of Appeals specifically stated:

> Accordingly, we remand the water distribution portion of the annexation services plan to the Davidson County Superior Court with instruction to remand to respondent for amendment to compensate for this price discrepancy.

Thus, the Court of Appeals' opinion indicated a remand from it, to the superior court, then to the City Council. Until those steps were accomplished, the matter was with this Court. The Court of Appeals does not ordinarily enter lower court orders; that is left to the superior or district courts. Here, the superior court was empowered to start the "clock" of the three-month period, not this Court. The receipt of instructions upon remand occurred when the remand occurred. It is true that the Court of Appeals developed the instruc-

tions, but those instructions were not received until the remand from the superior court to the City Council was completed.

Our judicial process consists of several steps, and there are particular actions that must be taken after an appeal has been decided. N.C. Gen. Stat. § 1-298 (1999) explains the procedure after determination of an appeal. It directs a certificate of determination of an appeal to be executed or modified by the court below (a superior or district court). The statute reads:

> In civil cases, at the first Session of the superior or district court after a certificate of the determination of an appeal is received, if the judgment is affirmed the court below shall direct the execution thereof to proceed, and if the judgment is modified, shall direct its modification and performance. If a new trial is ordered the cause stands in its regular order on the docket for trial at such first Session after the receipt of the certificate from the Appellate Division.

*Id.*

As our Supreme Court stated in *Goodson v. Lehmon*, 225 N.C. 514, 517-18, 35 S.E.2d 623, 625 (1945):

> This Court may, of course, render a final judgment here in proper cases, and occasionally does so; but it is not the practice to render judgment here unless it may be necessary to protect some right of the litigant parties in danger of *ad interim* defeat, or where it is demanded by the public convenience or welfare. Ordinarily, the opinion of the Court is certified down to the Superior Court of the county whence the appeal came, where a judgment in accordance with the opinion is entered. In that event, while the certified decision is binding on the court of original jurisdiction, the cause is not terminated until the authority of that court has been exercised.

In *Lancaster v. Bland*, 168 N.C. 377, 378, 84 S.E. 529, 530 (1915) the Supreme Court stated:

> When judgment has been affirmed or reversed on appeal it is a live case till, on receipt of the certificate, judgment has been entered below in conformity therewith, unless final judgment is entered here.

*See also R.R. v. Sanford*, 188 N.C. 218, 124 S.E. 308 (1924) and *Johnston v. R.R.*, 109 N.C. 504, 13 S.E. 881 (1891).

The remand of this case from the Court of Appeals to the Davidson County Superior Court to the Thomasville City Council was orderly and proper. The matter was properly before the City Council only after the superior court issued a remand order. Simply stated, there were no instructions upon remand until there *was* a remand. The Court of Appeals' decision was fully effectuated after two remands took place, one from the Court of Appeals to the superior court, and another from the superior court to the City Council.

Thus, we hold that the statutory three-month period began when the Davidson County Superior Court issued its Remand Order on 6 April 1999. The City amended its Annexation Ordinance on 21 June 1999, well within the three-month period. Therefore, we conclude that the City's actions were timely, and that the revised Ordinance is valid.

## II. The Services Plan

[2] Petitioners maintain that, even if the revised Ordinance was timely passed, the City's efforts to comply with the Court of Appeals' decision were still inadequate. Petitioners contend that the City failed to have in place a services plan for the area being annexed as required by N.C. Gen. Stat. §§ 160A-47 and -49(e) (1999). If the annexation area changes during subsequent revisions to an annexation ordinance, petitioners argue that N.C. Gen. Stat. § 160A-49(e) requires a new services plan to be filed. We do not agree.

N.C. Gen. Stat. § 160A-49(e) outlines the procedure for passage of an annexation ordinance. The statute explains that

[t]he municipal governing board shall take into consideration facts presented at the public hearing and shall have authority to amend the report required by G.S. 160A-47 to make changes in the plans for serving the area proposed to be annexed so long as such changes meet the requirements of G.S. 160A-47, provided that if the annexation report is amended to show additional subsections of G.S. 160A-48(c) or (d) under which the annexation qualifies that were not listed in the original report, the city must hold an additional public hearing on the annexation not less than 30 nor more than 90 days after the date the report is amended, and notice of such new hearing shall be given at the first public hearing. At any regular or special meeting held no sooner than the tenth day following the public hearing and not later than 90 days following such public hearing, the governing board shall have

authority to adopt an ordinance extending the corporate limits of the municipality to include all, or such part, of the area described in the notice of public hearing which meets the requirements of G.S. 160A-48 and which the governing board has concluded should be annexed.

The City's original Services Plan was filed with its 1996 Annexation Ordinance; the plan outlined police and fire protection, solid waste collection, and street maintenance services for the annexation area. The practical effect of the Services Plan was that all petitioners received the same services as City residents. When this case reached our Court in 1998, we instructed the City to exclude farm use tax-exempt land from the annexation area, and to equalize the water rates for newly annexed residents. We did not, however, instruct the City to submit a new services plan.

After revising its Annexation Ordinance to comply with this Court's opinion, the City filed a document entitled "Amended Annexation Services Plan, City of Thomasville, North Carolina, Area 96-A, Amended as of June 21, 1999." This amendment merely delineated the areas being annexed and stated that all residences and businesses within the annexed area would be provided with City water. Petitioners contend that the record on appeal does not indicate that this document and its amendments were ever formally adopted by the City Council.

We have examined the minutes of the 21 June 1999 meeting, which are contained in the record. Though the minutes do not reflect formal adoption of the Amended Annexation Services Plan and its amendments, the City is bound by the terms of the Services Plan under principles of equitable estoppel. We have previously explained that

[e]quitable estoppel arises when an individual by his acts, representations, admissions or silence, when he has a duty to speak, intentionally or through culpable negligence, induces another to believe that certain facts exist and that other person rightfully relies on those facts to his detriment. Neither fraud, intentional or unintentional, bad faith nor an intent to deceive are necessary to invoke the doctrine of equitable estoppel . . . . When estoppel is based upon an affirmative representation and an inconsistent position subsequently taken, it is not necessary that the party to be estopped have any intent to mislead or deceive the party claiming the estoppel, or that the party to be estopped even be

aware of the falsity of the representation when it was made. Estoppel principles depend on the facts of each case.

*Miller v. Talton,* 112 N.C. App. 484, 488, 435 S.E.2d 793, 797 (1993) (citation omitted). In the present case, we hold the City to the terms of the Services Plan despite the absence of a formal adoption.

After careful consideration of the statutory scheme, we find that a services plan must exist under N.C. Gen. Stat. § 160A-47, but we do not find any provisions requiring the City to adopt a new services plan in a situation such as this. The City's revised annexation plan deleted all farm use tax-exempt land from the proposed annexation area and also ensured that all annexed areas would receive city water at the same rates as other city residents. In conjunction with the amended Annexation Ordinance, the City adopted an amended description of the land to be annexed and provided an amended map and amended qualifications to support it. The only significant change to the Services Plan was the scope of its coverage; the services for petitioners remained the same. From a practical standpoint, petitioners and everyone affected by the proposed annexation knew the nature and scope of the services they would receive, based on the earlier Services Plan filed by the City.

Lastly, we note that petitioners retain a statutory remedy against the City in the event of noncompliance with the requirements of Chapter 160A. N.C. Gen. Stat. § 160A-50 provides the appeals process for petitioners. The City must have an opportunity to provide the promised services, but petitioners are not without recourse.

The judgment affirming the validity of the amended Annexation Ordinance is

Affirmed.

Chief Judge EAGLES and Judge BRYANT concur.