UNITED STATES COLD STORAGE, INC., Petitioner v. CITY OF LUMBERTON, Respondent

No. COA02-516

(Filed 4 March 2003)

**Cities and Towns— annexation ordinance—subdivision test**

The trial court erred by concluding that the area to be annexed by respondent city's 2000 annexation ordinance met the subdivision test of N.C.G.S. § 160A-48(c)(3) and this matter is remanded to the trial court for entry of an order remanding the ordinance to the council for further proceedings including amendment of the boundaries to conform to the provisions of N.C.G.S. § 160A-48, because the approximately twenty-nine undeveloped acres of petitioner's property included in the area to be annexed by the 2000 ordinance have previously been adjudicated vacant, not in use for commercial or other designated purposes, and unsubdivided.

Appeal by petitioner from judgment entered 9 January 2002 by Judge E. Lynn Johnson in Robeson County Superior Court. Heard in the Court of Appeals 8 January 2003.

*The Brough Law Firm, by Robert E. Hornik, Jr., for petitioner-appellant.*

*Holt, York, McDarris & High, L.L.P., by Charles F. McDarris, and Lumberton City Attorney Albert M. Benshoff, for respondent-appellee.*

MARTIN, Judge.

Petitioner United States Cold Storage ("USCS") appeals from an order and judgment denying its petition challenging an involuntary annexation ordinance adopted by respondent City of Lumberton ("Lumberton").

The record indicates that USCS owns an unsubdivided 133-acre tract of land in Robeson County, approximately 28.5 acres of which is occupied by a cold storage facility for food products and supporting facilities such as loading docks, a parking area, a railroad spur line, and a pond. This improved portion of the tract is partially surrounded by a fence and the remaining acres of the tract are primarily vacant, containing only power lines and railroad easements and having been leased out continuously for agricultural purposes. The tract is located at the southeast corner of the intersection of Kenny Biggs Road and Starlite Drive, with the improved portion fronting onto Kenny Biggs Road.

In October and November 1998, the Lumberton City Council ("the Council") passed a resolution of intent and adopted an annexation report to annex a 255-acre area that included USCS's entire 133-acre tract. This plan was subsequently altered on 22 February 1999 when the Council "re-adopted as amended" a revised annexation report proposing an annexation of an area that would include a smaller portion of USCS's property, but still all of the 28.5-acre improved area. On the same date, the Council adopted the ordinance to annex the proposed area. USCS filed a petition challenging this ordinance ("the 1999 ordinance") on 23 March 1999, contending, *inter alia*, that the area to be annexed did not qualify under the pertinent statutes for annexation.

On 20 July 2000, Superior Court Judge Gregory A. Weeks, after hearing evidence, entered an order in which he determined the annexation ordinance did not meet the statutory requirements for involuntary annexation and remanded the ordinance to Lumberton with specific directives. The order provided, *inter alia*:

the area to be annexed pursuant to the Annexation Ordinance is not "an area developed for urban purposes" as defined in [G.S.] § 160A-48(c)(3), in that 28± acres of [USCS's] property is used for commercial purposes and the remaining acreage of [USCS's] property is vacant for the purpose of determining compliance with [G.S.] § 160A-48(c)(3).

Based on this finding, Judge Weeks ordered that as part of amending or reformulating the ordinance:

the area to be annexed be re-defined to meet the definition of an "area developed for urban purposes" as defined in [G.S.] § 160A-48(c)(3) and that only the portion of [USCS's] property used for commercial purposes may be considered "commercial" in order to determine compliance with [G.S.] § 160A-48(c)(3).

In addition, Judge Weeks ordered Lumberton to conduct another public hearing on any revised ordinance after providing adequate public notice. Finally, the order provided:

that upon the Respondent's failure to take action in accordance with this Order within three months of Respondent's receipt of this Order, the Petitioner may submit an Order to show cause as to why the Annexation challenged herein should be deemed null, void, and of no effect.

Lumberton did not appeal from Judge Weeks' order. On 8 September 2000, Lumberton adopted a document entitled "2000 Annexation Study" and set a public hearing for 9 October 2000 regarding annexation of the area outlined in the study. USCS alleges that it did not receive notice of the new annexation study or the public hearing from Lumberton, although USCS did learn of the hearing and was able to attend. The study proposed annexation of a 61.59-acre area that included about 57 acres of USCS's property, including the approximately 28-acre improved portion of the property. On 19 October 2000, the Council adopted an ordinance ("the 2000 ordinance") annexing the area described in the study. USCS filed a petition challenging the new ordinance on various grounds on 17 November 2000.

USCS's petition challenging the 2000 ordinance was heard on 25 June 2001 by Superior Court Judge E. Lynn Johnson. Each side submitted evidence tending to support its respective assertion that the unimproved approximately 29-acre portion of USCS's property included in the annexation area either was or was not in

commercial use so as to qualify the area for annexation under G.S. § 160A-48(c)(3). Judge Johnson determined that the 2000 ordinance did not violate G.S. § 160A-48(c)(3) and denied USCS's petition. In particular, he found:

> The commercial property used by Cold Storage encompasses not only the land their building sits on (28± acres, as acknowledged by Judge Weeks) but also the area directly behind the property that includes the power lines and the railroad easement (30± acres) because those areas actively support [USCS's] commercial enterprise.

It is from this order and judgment that USCS now appeals.

___

On appeal, USCS argues (1) the trial court erred in disregarding Judge Weeks' earlier finding with respect to the portion of USCS's property in use for commercial purposes and allowing relitigation of the issue of qualification of the annexation area under G.S. § 160A-48(c)(3), (2) that even if it was not error to disregard Judge Weeks' finding, the trial court erred in determining that the annexation area qualified under G.S. § 160A-48(c)(3), and (3) the trial court erred in finding that Lumberton gave USCS adequate notice of the 9 October 2000 hearing.

The provisions of Chapter 160A, Article 4A, Part III, governing annexation of land by cities of 5000 or more, are applicable here. The parties agree that G.S. § 160A-48, as in effect on 21 October 1998, the date the Resolution of Intent for the 1999 ordinance was adopted, controls the analysis of both the 1999 and 2000 ordinances in this case.[1] The statute provides criteria for determining what areas are eligible for annexation:

> (a) A municipal governing board may extend the municipal corporate limits to include any area
>
> > (1) Which meets the general standards of subsection (b), and
> >
> > (2) Every part of which meets the requirements of either subsection (c) or subsection (d).

___

1. Article 4A of Chapter 160A was amended effective 1 November 1998. S.L. 1998, Ch. 150. Because the annexation proceeding at issue commenced prior to the effective date of the amendments, the amendments are inapplicable to this case.

N.C. Gen. Stat. § 160A-48(a) (1998). Qualification of the annexation areas under both the 1999 and 2000 ordinances under subsection (b) of the statute is not in dispute. Moreover, in its annexation reports, Lumberton did not seek to qualify the areas under subsection (d), but rather only under subdivision (3) of subsection (c), which states:

> (c) Part or all of the area to be annexed must be developed for urban purposes. An area developed for urban purposes is defined as any area which meets any one of the following standards:

> > (3) Is so developed that at least sixty percent (60%) of the total number of lots and tracts in the area at the time of annexation are used for residential, commercial, industrial, institutional, or governmental purposes, and is subdivided into lots and tracts such that at least sixty percent (60%) of the total acreage, not counting the acreage used at the time of annexation for commercial, . . . purposes, consists of lots and tracts five acres or less in size . . . .

N.C. Gen. Stat. § 160A-48(c)(3) (1998). The two requirements of G.S. § 160A-48(c)(3) have come to be known as the "use test" and the "subdivision test." *See, e.g., Food Town Stores, Inc. v. Salisbury*, 300 N.C. 21, 35, 265 S.E.2d 123, 132 (1980).

USCS challenged both the 1999 and 2000 ordinances on the grounds that the annexation areas did not meet the subdivision test because only approximately 28 acres of USCS's land is in use for commercial purposes and the remaining USCS acres are vacant and unsubdivided. Judge Weeks agreed with USCS in reviewing the 1999 ordinance and made a finding to that effect. USCS argues that in reviewing the 2000 ordinance, Judge Johnson should have applied Judge Weeks' finding under the doctrine of collateral estoppel.

> The doctrine of collateral estoppel " 'is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally.' " . . . In order for collateral estoppel to be applicable, certain requirements must be met. The elements of collateral estoppel, as stated by our Supreme Court, are as follows: (1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined.

*McDonald v. Skeen*, 152 N.C. App. 228, 230, 567 S.E.2d 209, 211, *disc. review denied*, 356 N.C. 437, 571 S.E.2d 221 (2002) (citations omitted). In the context of collateral estoppel, North Carolina follows the rule of mutuality, which requires "not only that issues be identical but that parties be identical or in privity with parties to the prior judgment." *Tar Landing Villas Owners' Assoc. v. Town of Atlantic Beach*, 64 N.C. App. 239, 242, 307 S.E.2d 181, 184 (1983), *disc. review denied*, 310 N.C. 156, 311 S.E.2d 296 (1984).

Lumberton contends, and Judge Johnson agreed, that Judge Weeks' finding that "28±" acres of USCS's property was used for commercial purposes did not mean that only 28 acres, give or take an acre, was in use for commercial purposes. Rather, Lumberton asserts that Judge Weeks' use of the "±" symbol denoted a great degree of flexibility. Based on this interpretation, Lumberton argues that the directive to Lumberton to "re-define" the area to be annexed to meet the definition of an "area developed for urban purposes" under G.S. § 160A-48(c)(3), when read together with the following directive stating that "pursuant to [G.S.] § 160A-48(e) [Lumberton] may use natural topographic features or streets or setbacks from topographic features or streets as boundaries of the area to be annexed," authorized Lumberton on remand to draw new boundary lines that encompassed more of USCS's property than the approximately 28 improved acres and classify the additional acres as in use for commercial purposes.

Lumberton explains its "re-definition" of the area to be annexed by pointing to the affidavit of its surveyor, George T. Paris. In his affidavit, Mr. Paris states that because there were no natural topographical features within the USCS property, the new boundary lines were based on an 800-foot setback from Starlite Drive and an extension of the already existing city limit of Lumberton that bordered part of USCS's property. As these new lines encompassed 29 acres of USCS property outside the 28 improved acres, Lumberton then asserts that the 2.2 acres of power line and railroad easements present within the 29 acres support classification of these acres as "in use for commercial purposes."

In his order with respect to the 2000 ordinance, Judge Johnson expressly "acknowledge[d] that Judge Weeks decided as fact that 28+/- acres of the USCS property was commercial. This Court further notes that Lumberton was directed [by the] Order to determine the exact area that is used by USCS for commercial purposes." Based on

this understanding of Judge Weeks' order, Judge Johnson entertained further litigation on the issue of whether the 29 acres of USCS's property outside the improved 28 acres was in use for commercial purposes and made additional findings reflecting acceptance of Lumberton's "re-definition" of the area to be annexed. We believe this interpretation of Judge Weeks' order was in error.

In his order, Judge Weeks found not only that the "28±" improved acres were in use for commercial purposes, but that the "remaining acreage . . . is vacant for the purpose of determining compliance with [G.S.] § 160A-48(c)(3)." It is also important to note that as part of ordering Lumberton to "re-define" the area to be annexed, Judge Weeks ordered that "only the portion of [USCS's] property used for commercial purposes may be considered 'commercial' in order to determine compliance with [G.S.] § 160A-48(c)(3)." We interpret this language as a finding that the 1999 ordinance did not meet the mandatory provisions of G.S. § 160A-48(a) nor (c), and an order of remand, pursuant to G.S. § 160A-50(g)(2), "for amendment of the boundaries to conform to [those] provisions." N.C. Gen. Stat. § 160A-50(g)(2) (1998). The order that "the area to be annexed be re-defined" was an instruction to re-draw the boundaries of the area to exclude the vacant acres that frustrated compliance with G.S. § 160A-48(c)(3). Given the unequivocal nature of Judge Weeks' division of USCS's property into commercial and "vacant" portions and his order that only the commercial portion be used on remand to determine compliance with G.S. § 160A-48(c)(3), the use of a "±" symbol and statement permitting the use of topographical features, streets, or setbacks therefrom as boundaries for the revised annexation area cannot be construed as a license to attempt to re-classify the vacant acres.

We hold Judge Weeks' order was a final determination on the merits regarding the 1999 ordinance, including a final determination of the classification of the unimproved acres of USCS's property as vacant and not in use for commercial purposes. The other elements of collateral estoppel do not appear to be in dispute. The trial court obviously wished to give effect to Judge Weeks' order, but simply misinterpreted it. Because the approximately 29 undeveloped acres of USCS's property included in the area to be annexed by the 2000 ordinance have previously been adjudicated "vacant," not in use for commercial or other designated purposes, and unsubdivided, we hold that the trial court erred in concluding that the area to be annexed by the 2000 ordinance met the subdivision test of G.S. § 160A-48(c)(3)

and thus upholding the ordinance as valid. Due to our holding on this issue, we need not address USCS's second argument.

Lastly, this Court must determine whether to declare the ordinance null and void or to remand it. USCS argued at trial and on appeal that Lumberton failed to provide USCS with adequate notice of the 9 October 2000 public hearing in violation of G.S. § 160A-49(b)(3), which states in pertinent part:

> notice shall be mailed at least four weeks prior to date of the hearing by first class mail, postage prepaid to the owners as shown by the tax records of the county of all freehold interests in real property located within the area to be annexed.

N.C. Gen. Stat. § 160A-49(b)(3) (1998). USCS also contends that Lumberton's failure to give USCS notice of the hearing was a violation of Judge Weeks' order. Based on these alleged violations, USCS asserts that the trial court erred in failing to declare the ordinance null and void.

Under G.S. § 160A-50(g)(1), a trial court reviewing an annexation ordinance may "[r]emand the ordinance to the municipal governing board for further proceedings if procedural irregularities are found to have materially prejudiced the substantive rights of any of the petitioners." N.C. Gen. Stat. § 160A-50(g)(1) (1998). In addition, "if any municipality shall fail to take action in accordance with [a] court's instructions upon remand within three months from receipt of [the order], the annexation proceeding shall be deemed null and void." N.C. Gen. Stat. § 160A-50(g) (1998).

Judge Weeks' order contains instructions to comply with G.S. § 160A-49(b)(2) and (c), public notice provisions Judge Weeks found Lumberton to have violated. USCS does not allege that Lumberton failed to comply with these or any other procedural instructions in the order. Assuming, *arguendo*, that any "procedural irregularities" did occur that may have prejudiced USCS's substantive rights, the remedy under G.S. § 160A-50(g)(1) would have been a remand to the Council. Therefore, the trial court did not err in failing to declare the ordinance null and void on these bases.

USCS also argues that this Court should declare the ordinance null and void because it "still" does not comply with G.S. § 160A-48(c)(3) in violation of Judge Weeks' order. In our review, we believe the more appropriate remedy, in light of Lumberton's

attempt, though based upon a misinterpretation of Judge Weeks' order, to comply with such order within the three month period allowed, would be to remand the matter "for amendment of the boundaries to conform to the provisions of G.S. 160A-48." N.C. Gen. Stat. § 160A-50(g)(2) (1998). The trial court's order and judgment are reversed and this matter is remanded to the superior court for entry of an order remanding the ordinance to the Council for further proceedings in accordance with this opinion.

Reversed and remanded.

Judges HUDSON and STEELMAN concur.