U.S. COLD STORAGE, INC. v. CITY OF LUMBERTON

[170 N.C. App. 411 (2005)]

———————

UNITED STATES COLD STORAGE, INC., PETITIONER v. CITY OF LUMBERTON, RESPONDENT

No. COA04-857

(Filed 17 May 2005)

**1. Cities and Towns— annexation—judicial review— standards**

A party challenging an annexation may seek judicial review in superior court and then appellate review, during which the findings made below are binding if supported by the evidence, even if the evidence is conflicting. Conclusions of law drawn by the trial court are reviewable de novo on appeal.

**2. Cities and Towns— annexation—contiguity—sub-areas**

The annexation of a sub-area (A) not itself contiguous with municipal boundaries was affirmed where the total area was contiguous and the contiguous sub-area (B) was annexed first. There is no authority for the proposition that each sub-area must be individually contiguous.

**3. Cities and Towns— annexation—ordinance—sub-area not stated as part of total area**

An annexation ordinance's failure to explicitly state that a sub-area was part of a total area did not rise to the level of substantial lack of compliance with annexation statutes and did not materially prejudice petitioner's rights.

Appeal by petitioner from order entered 2 April 2004 by Judge Ola M. Lewis in Robeson County Superior Court. Heard in the Court of Appeals 3 March 2005.

**U.S. COLD STORAGE, INC. v. CITY OF LUMBERTON**

[170 N.C. App. 411 (2005)]

*The Brough Law Firm, by Robert E. Hornik, Jr., for petitioner-appellant.*

*Holt, York, McDarris & High, LLP, by Charles F. McDarris and Kevin W. Whiteheart, for respondent-appellee.*

LEVINSON, Judge.

Petitioner (United States Cold Storage) appeals the denial of its petition challenging an annexation by respondent City of Lumberton ("the city"). We affirm.

Petitioner is a New Jersey corporation that does business in Robeson County, North Carolina, where it owns 132 acres. On 21 October 1998 the city passed a Resolution of Intent to involuntarily annex approximately 255 acres, including all of petitioner's 132 acre tract. An annexation report was filed in November, and a public hearing conducted in December, 1998. On 22 February 1999 the city adopted an amended annexation report which reduced the annexation area to about 56 acres, and divided the area to be annexed into two sub-areas, 'A' and 'B.' Sub-area A included 28.5 acres of petitioner's land; Sub-area B was owned by other parties. On 23 February 1999 the city passed two annexation ordinances annexing sub-areas A and B.

Albert Graham, Jr., a landowner in sub-area B, petitioned for review of the 1999 annexation of sub-area B. Graham reached a settlement with the city, and a consent judgment was entered on 9 June 2000. Pursuant to the terms of the settlement, the annexation of sub-area B became effective on 31 March 2002.

Meanwhile, petitioner herein filed a petition in Superior Court, challenging the 1999 annexation of sub-area A. Petitioner's petition was granted on 20 July 2000, and the annexation proceeding was remanded to the city with instructions to redefine the area to be annexed, issue a new report, and conduct a new hearing. Following remand, the city redefined sub-area A to include 56 acres of petitioner's property, and on 19 October 2000 the city passed an ordinance annexing sub-area A. Petitioner again sought review of the sub-area A annexation; when the relief it sought was denied, petitioner appealed to this Court.

On 4 March 2003, about a year after the effective date of the sub-area B annexation, this Court issued its opinion in *United States Cold Storage, Inc. v. City of Lumberton,* 156 N.C. App. 327, 576 S.E.2d 415

## U.S. COLD STORAGE, INC. v. CITY OF LUMBERTON

[170 N.C. App. 411 (2005)]

(2003) (*Cold Storage I*). The Court reversed the trial court's denial of petitioner's petition, and remanded to superior court for "entry of an order remanding the ordinance to the Council for further proceedings in accordance with this opinion." *Cold Storage I*, 156 N.C. App. at 335, 576 S.E.2d at 419. On remand, the city filed a revised annexation report, reducing sub-area A to 32.63 acres, including 28.5 acres owned by petitioner. Following another public hearing, the city on 8 September 2003 adopted an ordinance annexing sub-area A. Petitioner sought review of the 2003 annexation ordinance and, when the superior court affirmed the governing board's actions, petitioner appealed to this Court.

---

Petitioner argues that the trial court erred by finding that sub-area A meets the contiguity requirements for annexation set forth in N.C.G.S. § 160A-48 (2003). We disagree.

[1] "Preliminarily, we note that under N.C. Gen. Stat. § 160A-50, a party challenging an annexation ordinance may seek judicial review in Superior Court and, thereafter, in the Court of Appeals and Supreme Court." *Briggs v. City of Asheville*, 159 N.C. App. 558, 560, 583 S.E.2d 733, 735, *disc. review denied*, 357 N.C. 657, 589 S.E.2d 887 (2003). Judicial review:

> is limited to deciding (1) whether the annexing municipality complied with the statutory procedures; (2) if not, whether the petitioners will suffer material injury as a result of any alleged procedural irregularities; and (3) whether the area to be annexed meets the applicable statutory requirements. Where the annexation proceedings show *prima facie* that the municipality has substantially complied with the requirements and provisions of the annexation statutes, the burden shifts to the petitioners to show by competent evidence a failure on the part of the municipality to comply with the statutory requirements or an irregularity in the proceedings that materially prejudices the substantive rights of the petitioners.

*Hayes v. Town of Fairmont*, 167 N.C. App. 522, 523-24, 605 S.E.2d 717, 718-19 (2004) (citing *In re Annexation Ordinance*, 278 N.C. 641, 647, 180 S.E.2d 851, 855 (1971), and N.C.G.S. § 160A-38 (2003)), *disc. review denied*, 359 N.C. App. 410, —— S.E.2d —— (filed 6 April 2005) (other citations omitted). Moreover, " '[o]n appeal, the findings of fact made below are binding on this Court if supported by the evidence, even where there may be evidence to the contrary.' However,

'conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal.' " *Briggs*, 159 N.C. App. at 560, 583 S.E.2d at 735 (quoting *Humphries v. City of Jacksonville*, 300 N.C. 186, 187, 265 S.E.2d 189, 190 (1980), and *Barnhardt v. City of Kannapolis*, 116 N.C. App. 215, 217, 447 S.E.2d 471, 473 (1994)).

**[2]** Because petitioner challenges an involuntary annexation by a city of more than 5000, we first review certain constraints on such annexations. " '[C]ontiguity is an essential precondition to the involuntary annexation of outlying territories by cities.' " *Town of Spencer v. Town of East Spencer*, 351 N.C. 124, 132, 522 S.E.2d 297, 303 (1999) (quoting *Hawks v. Town of Valdese*, 299 N.C. 1, 5, 261 S.E.2d 90, 93 (1980)). This requirement is found in N.C.G.S. § 160A-48(b)(1), which provides in pertinent part that the **"total area to be annexed** must . . . be adjacent or contiguous to the municipality's boundaries at the time the annexation proceeding is begun[.]" (emphasis added).

Relevant terms in G.S. § 160A-48 have been interpreted or defined. "Contiguous" is defined by statute to "mean any area which, at the time annexation procedures are initiated, either abuts directly on the municipal boundary or is separated from the municipal boundary by a street or street right-of-way, a creek or river, the right-of-way of a railroad or other public service corporation, lands owned by the municipality or some other political subdivision, or lands owned by the State of North Carolina." N.C.G.S. § 160A-41(1) (2003). Additionally, the phrase "the time the annexation proceeding is begun" has been construed to mean the date of a city's resolution of intent: "[A]nnexation proceedings begin when a municipality takes 'the first mandatory public procedural step in the statutory process' of annexation; the passing of a resolution of intent has been determined to be that first step." *Spencer*, 351 N.C. at 129, 522 S.E.2d at 301 (quoting *City of Burlington v. Town of Elon College*, 310 N.C. 723, 728, 314 S.E.2d 534, 537 (1984)). Thus, a tract is "contiguous" to the annexing municipality if it is contiguous as of the date of the resolution of intent. "Contiguity with the boundaries of the annexing municipality at the time of the adoption of a resolution of intent pursuant to N.C.G.S. § 160A-31(g) is without question an essential requirement[.]" *City of Kannapolis v. City of Concord*, 326 N.C. 512, 517, 391 S.E.2d 493, 496 (1990).

Several other annexation requirements are pertinent to this case. N.C.G.S. § 160A-49 (2003) requires that, after passing a resolution of intent, a municipality must conduct a public hearing on the proposed annexation. Under N.C.G.S. § 160A-47 (2003), the city must

adopt an annexation report for public scrutiny prior to the public meeting. After the public hearing, a municipality "shall take into consideration facts presented at the public hearing and shall have authority to amend the report required by G.S. 160A-47 to make changes in the plans for serving the area proposed to be annexed[.]" G.S. § 160A-49(e). Such an amendment may reduce the area to be annexed. *See, e.g., Cold Storage I*, 156 N.C. App. at 333, 576 S.E.2d at 418 (holding that trial court's "order that 'the area to be annexed be re-defined' was an instruction to re-draw the boundaries of the area to exclude the vacant acres that frustrated compliance with G.S. § 160A-48(c)(3)"); *Bowers v. City of Thomasville*, 143 N.C. App. 291, 293, 547 S.E.2d 68, 70 (2001).

We also note that, for administrative or other practical reasons, cities sometimes divide the total annexation area into "sub-areas" during the annexation proceedings. Appellate cases have upheld annexations wherein this practice occurred. *See, e.g., Chapel Hill Country Club, Inc. v. Town of Chapel Hill*, 97 N.C. App. 171, 174-75, 388 S.E.2d 168, 170-71 (1990) (city first "approved an annexation report . . . for a tract of land, designated Area 1," but later "passed a resolution that . . . divided Area 1 into four subareas"); *Adams-Millis Corp. v. Kernersville*, 6 N.C. App. 78, 90, 169 S.E.2d 496, 504 (1969) ("had Area 3 and Area 4 been consolidated as one area, it still would have qualified for annexation. The reason for two separate areas is not apparent from the record, nor do we think the motive therefor material.").

To summarize: (1) annexation proceedings are initiated when a city passes a resolution of intent to annex an area; (2) the resolution must identify the area proposed for annexation; (3) the total area proposed for annexation must be contiguous with existing city limits as of the date the city passes its resolution; (4) the city must prepare an annexation report and hold a public meeting; (5) if appropriate, the city then may amend its initial annexation report to reduce the area being annexed; and (6) the city also may divide the area proposed for annexation into sub-areas.

In the instant case, annexation procedures were initiated on 21 October 1998, when the city filed its resolution of intent. It is undisputed that (1) the area identified in the resolution of intent was contiguous to the city limits as of that date, and (2) the total area ultimately annexed, consisting of sub-areas A and B, also is contiguous with the city limits as they were on the date the resolution of intent was passed. Moreover, the sub-area that adjoins the 1998 city lim-

its (sub-area B), was annexed **before** the sub-area that is not contiguous with the 1998 city limits (sub-area A). Thus, on the facts of this case, the city's division of the area initially proposed for annexation into sub-areas A and B did not result in annexation of an "island" not contiguous with city limits as of the date of the resolution of intent.

However, the boundaries of sub-area A, **if considered in isolation**, rather than as a sub-part of the area identified in the resolution of intent and of the total area eventually annexed, are not contiguous with the city limits on 21 October 1998. On this basis, petitioner argues that the annexation is invalid and should be declared void. Petitioner basically contends that, although the area identified in the resolution of intent, as well as the total area finally annexed, are both contiguous with the 1998 city limits, there is an **ultimately additional** requirement that the boundaries of each sub-area in the area annexed be, individually and separately, contiguous with the city limits. Petitioner cites no authority for this proposition, and we find none.

[3] Finally, we note that the 8 September 2003 ordinance annexing sub-area A, which was passed long after the effective date of the sub-area B annexation, did not explicitly state that sub-area A was part of the larger total area originally proposed for annexation in the 21 October 1998 Resolution of Intent. However, even assuming *arguendo* this constituted error, it does not rise to the level of substantial lack of compliance with annexation statutes, and did not materially prejudice petitioner's rights.

This assignment of error is overruled.

We have carefully considered petitioner's other arguments, and find them to be without merit.

Affirmed.

Judges TIMMONS-GOODSON and BRYANT concur.